EDMOND G. SCRUGGS, plaintiff in error, *vs.* WILLIAM GIBSON and CICERO GIBSON, administrators, defendants in error.

When a set-off had been pleaded to the plaintiffs' action, it was error to allow the plaintiffs, on their own motion, to dismiss their own action, on the ground of their own default in not having paid all legal taxes on their own debt, as required by the Act of 1870.

Set-off. Tax affidavit. Relief Act of 1870. Dismissal of suit. Before Judge TWIGGS. Glasscock Superior Court. September Term, 1871.

William Gibson and Cicero Gibson, as administrators upon the estate of Sterling Gibson, deceased, brought complaint

Scruggs *vs.* Gibson.

against Edmond G. Scruggs, upon a promissory note, dated January 1st, 1862, and due one day after the date thereof. The defendant pleaded as set-off a counter-claim against plaintiffs exceeding the demand sued on, and asked judgment for the surplus. The case being called for trial, the plaintiffs moved to dismiss the action because the affidavit of the payment of taxes had not been filed, as required by the Act of 1870. The defendant objected upon the ground that the plea of set-off filed exceeded in amount the demand of plaintiffs, and that he waived all advantage that might be taken on account of failure to file the tax affidavit. The Court allowed the action to be dismissed, and defendant excepted.

E. H. POTTLE, by brief, for plaintiffs in error.

C. S. DUBOSE; CARSWELL & DENNY, for defendants.

WARNER, Chief Justice.

The plaintiffs in the Court below brought an action on a promissory note against the defendant, who filed a plea of set-off. On the trial of the case the plaintiffs made a motion to dismiss their own suit on the ground of their own default in not having filed an affidavit that all legal taxes had been paid on their own debt, as required by the Act of 1870. The defendant resisted the motion, on the ground that he had pleaded a set-off for a larger amount than the plaintiffs' demand, and expressly waived any and all right to demand that an affidavit of payment of taxes should be made or filed, as required by the Act of 1870. The Court dismissed the plaintiffs' action, and the defendant excepted.

In our judgment it was error for the Court to dismiss the plaintiffs' action, on their own motion, against the consent of the defendant, on the statement of facts disclosed in the record : Code, section 2856. Whatever else may be said of the Act of 1870, it cannot reasonably be claimed that it was intended to allow parties to take advantage of their own wrong.

Let the judgment of the Court below be reversed.