SARAH A. ADDISON, administratrix, plaintiff in error, vs. JOHN CHRISTY & COMPANY, defendants in error.

An account was contracted with a merchant on the 31st of January, 1866. Suit was instituted on the account on the 19th March, 1870. It did not appear in evidence on the trial that, by contract or custom, day of payment was given when the goods were sold:

*Held,* That under the 8th section of the Act of March 16th, 1869, entitled " an Act in relation to the statute of limitations, and for other purposes," the right of action in this case is controlled and governed by the limitation laws as set forth in the Revised Code of Georgia, adopted by the new Constitution of this State, and said limitation laws requiring suits to be brought within four years on accounts, the right of action was barred when this suit was instituted.

Statute of limitations. Account. Before Judge RICE. Habersham Superior Court. April Term, 1873.

John Christy & Company brought complaint against John O. Addison on an account dated January 31st, 1866, for $1,029 61, with a credit of $475 25, of date February 7th, 1866. The declaration was filed in office on March 19th, 1870. The defendant pleaded the statute of limitations. Pending the litigation, he died, and his administratrix was made a party.

The plaintiffs proved their account and closed. The defendant introduced no testimony, but requested the Court to charge as follows: "That, it appearing from the account sued on that it was contracted more than four years before the commencement of the suit, the same is barred by the statute of limitations of this State."

The Court refused to charge as requested, but charged to the contrary, as follows: " The statute of limitations was suspended at the date of the account sued on, and continued to be suspended until July 21st, 1868, and, therefore, the statute of limitations did not commence to run against the plaintiffs' account until July 21st, 1868, and as there is not four years between July 21st, 1868, and March 19th, 1870, the time of the commencement of the plaintiffs' action, the plaintiffs' action is not barred by the statute of limitations."

To which charge and refusal to charge the defendant excepted.

The jury returned a verdict for the plaintiffs. The defendant assigns error upon the aforesaid grounds of exception.

C. H. Sutton, by Hillyer & Brother, for plaintiff in error.

Garnett McMillan, by Sidney Dell, for defendants.

Trippe, Judge.

The 8th section of the Act of March 16th, 1869, is in the following words: "That all cases of the character, mentioned in any section of this Act, which have arisen, or in which the right of action or the liability has accrued, *or the contract has been made since the 1st June,* 1865, shall be controlled and governed by the limitation laws, as set forth in the Revised Code of Georgia, adopted by the new Constitution of this State."

In the case of *W. A. Black et al. vs. T. R. Swanson,* decided at the present term, it was held that, by the plain terms and meaning of this section, a note executed in January, 1865, and due December, 1865, was not barred by the preceding provisions of the Act, on the 1st January, 1870, but the right of action thereon continued until December, 1871, six years from the maturity of the note. Although the 4th section, and the latter part of the 6th section of the Act, when taken by themselves, would seem very clearly to have barred the right of action if it were not brought by the 1st January, 1870, yet the clear and unmistakable language of the 8th section brought it within the limitation laws, as set forth in the Code. The words of the 8th section as clearly apply to this case as they did in the case of *Black vs. Swanson.* That was an action that accrued after June 1st, 1865. This is a contract made after June 1st, 1865. Both cases are within the express words of the 8th section, and are governed by it.

It is objected that by this construction many actions for

*torts* would have been barred by the passage of the Act, to-wit: an action for slander or for a personal *tort* committed in July, 1865. That though by the suspension Acts, the right of action therefor may have existed in March, 1869, yet, they would have been *eo instanti* barred at the passage of the Act. Suffice it to say, that in such cases, it would not have been competent for any legislation to have effected such a result, and such actions would at least have been entitled to all the rights secured in the instances of other *torts,* as provided in the 7th section.

It was also objected that the 8th section could not have been intended to take away the benefit of the suspension Acts. No one has ever denied, or can deny, that it did have, and was, without all doubt, intended to have that very effect in all cases of actions which accrued prior to June 1st, 1865. It simply said, that all such actions must be brought by 1st January, 1870. A note was due December 25th, 1862, or December 25th, 1864. Under the operation of the suspension Acts, it would not have been barred until July 21st, 1874. But the iron heel of the Act of March 16th, 1869, limited the right to January 1st, 1870. If plain words accomplished this, equally as plain terms operate on contracts made since June 1st, 1865, and put them within the provisions of another law, as unmistakable as to the time in which actions may be brought, as the Act of 1869. If in the first cases they lose all benefit from the suspension Act, how can the latter escape. Doubtless special cases may be imagined, in which special difficulties arising out of this construction would seem to occur. But even in those, the great fundamental principle that a reasonable time must be provided for creditors in all cases, would meet the necessity that might arise.

It has been further said that the 8th section, in adopting the "limitation laws as set forth in the Revised Code adopted by the Constitution," was intended to take those laws as affected by the Suspension Acts. It is difficult to see the force in this position. There is nothing in the words of the Act or

the Constitution to suggest it: See Constitution, Article XI., section 3. It would have been a strange and incomprehensible act of legislation to have adopted certain provisions of the Code, which said in plain words, *four* and *six* years, and at the same time intended those words should be changed by the effect of other and temporary acts to mean *five* years and *seven* years, or it might be seven years and nine years ; and yet that would be the result in many instances. After the fullest consideration, we feel constrained to hold, that under the 8th section of the Act of March 16, 1869, the provisions of the Code, as to the limitation laws therein, apply to contracts made since 1st June, 1865. And as in this case, no credit by contract or by custom was proven, and as more than four years had expired from the time of making the contract, it being by account, to the bringing of the action, the Court below erred in holding that the plaintiff's right of action was not barred.

Judgment reversed.