JOHN CUNNINGHAM, assignee, plaintiff in error, *vs.* ALBERT R. LAMAR, defendant in error.

(McCay, J., was providentially prevented from presiding in this case.)

Where a plaintiff, who sues out a summons of garnishment, signs the partnership name of which he is a member, as surety to the bond required by law, and his partner is present consenting thereto, and afterwards comes into court and ratifies the same under seal, and proposes to substitute his signature for that of the firm:

*Held,* that the amendment to the bond should have been allowed, and whilst we are strongly inclined to the opinion that the bond was binding on the partner individually who thus consented to the signing, we are satisfied it was error to refuse the amendment and to dismiss the garnishment.

Garnishment. Amendment. Partnership. Before Judge CHISOLM. City Court of Savannah. July Term, 1873.

Process of garnishment issued on a suit in favor of Cunningham, assignee, against Albert R. Lamar, and was served

upon Beard & Kimball.   The garnishees answered, denying indebtedness, etc.   The answer was traversed.   Judgment was obtained against the defendant.   Upon the trial of the aforesaid traverse, counsel for defendant moved to dismiss the garnishment proceedings because the bond was signed by Cunningham, as assignee, as principal, and by him, in the name of the firm of Claghorn & Cunningham, as security, said firm being composed of said Cunningham and one Joseph S. Claghorn.

Counsel for plaintiff proposed to amend said bond by giving other and additional security.   This the court refused to permit, and plaintiff excepted.

Counsel for plaintiff then filed an instrument executed by said Claghorn, to the effect that the signature by said Cunningham of the firm name of Claghorn & Cunningham to said garnishment bond, was made with his full knowledge and consent at the date of its signing, and that he ratified and confirmed the action of said Cunningham in the premises.

The court, nevertheless, dismissed said garnishment proceedings, and plaintiff excepted.   Error is assigned upon each of the aforesaid grounds of exception.

HENRY B. TOMPKINS, for plaintiff in error.

JULIAN HARTRIDGE, for defendant.

TRIPPE, Judge.

There can be no doubt that one partner cannot, of his own authority, bind the partnership by signing the firm name to a bond which is necessary in suing out a legal process for himself in some individual suit of his own, nor indeed in actions in favor of any persons except the firm.   Where it is in behalf of the firm, special power so to sign is given by the Code. And without the proof offered in this case, the garnishment bond would have been a nullity in so far as it wanted security.   It is claimed by defendant in error that although Claghorn, the other party, authorized and consented for his co-

partner to sign the firm name, yet, as the instrument executed was under seal, the authority must also have been under seal. It cannot be denied that this was, as a general rule, the doctrine of the common law. But there are limitations and exceptions to it which largely modify its operation. There is another rule of the common law, as ancient as the other, which makes a deed executed by an agent in the presence of his principal the deed of the latter, although the authority . to do it is merely by parol : Story on Agency, section 51 ; Gow on Partnership, 59. So, also, has it often been held, that if the deed be executed by one partner in the presence of and with the assent of all the partners, it shall be deemed the deed of all : Story on Partnership, section 120, and a large number of cases there cited sustaining the position. In *Ellis vs. Francis,* 9 *Georgia,* 325, it was held that a return of *nulla bona* on an execution made by a person other than the constable, but in his presence and by his request, he knowing it to be true, might "be considered as the act of the constable himself, as much so as if he had held the pen in his own hand :" See also *Reinhart vs. Miller,* 22 *Georgia,* 415. Whilst we are then strongly inclined to the opinion that Mr. Claghorn was bound by the bond as it was executed, either individually or with the partnership of which he was a member, we are satisfied that it would have been proper to have allowed the amendment, and that it was error to dismiss the garnishment.

Judgment reversed.