Wright *vs.* Bessman.

---

JAMES K. WRIGHT, administrator, plaintiff in error, *vs.* JOHN W. BESSMAN, defendant in error.

55 187
97 588

55 187
103 522

1. The returns of an administrator admitted to record by the ordinary, are *prima facie* evidence for him, and the *onus* is on the objector to show them incorrect.
2. The payee or holder of a note is an incompetent witness to testify that he put the credit on it which kept it alive, by the authority and as agent of the maker—the maker being dead.
3. A new promise, to prevent the bar of the statute of limitations, must be in the hand-writing of the maker, or subscribed by him, or some one authorized by him, and the holder thereof cannot be the agent so authorized by him : 34 *Georgia Reports*, 245.

Administrators and executors. Witness. Promissory notes. Statute of limitations. Principal and agent. Before Judge BARTLETT. Morgan Superior Court. March Term, 1875.

Reported in the opinion.

A. G. & F. C. FOSTER, for plaintiff in error.

REESE & REESE, for defendant.

JACKSON, Judge.

The administrator applied for letters of dismission. Bessman, a creditor of intestate, objected, on the ground that the administrator had misapplied the assets of the estate in this, that he had paid off a note barred by the statute of limitations, and had thus made himself responsible to creditors and could not be discharged until the claim of objector was paid

to the extent of the misapplied fund. The jury, under the charge of the court, found against the discharge; the administrator moved for a new trial on many grounds, but which we think may be reduced to three:

1st. That the court erred in ruling that the return of the administrator is not *prima facie* evidence of its correctness after it is approved and entered of record by the ordinary.

2d. That the court erred in excluding the testimony of High, the payee of the note, that the credit thereon was made by him by the direction of the intestate.

3d. Which is the main question in the case, that the court erred in ruling that the credit on the note which kept it alive, if alive at all, as it was not signed at all, must be in the handwriting of the intestate. It was admitted not to be in his handwriting, and the case turns on whether it could be proved that he authorized the payee to put the credit on for him so as to keep the note alive.

1. As to the first ground, we think the returns allowed by the ordinary are *prima facie* evidence for the administrator, and that the same must be rebutted by proof, the *onus* being upon the objector: Code, section 2527.

2. As to the second point, we think that the court was right in rejecting the testimony of High. The other party to the transaction on which the case turned was dead, and the reason and spirit of the exception in section 3854 of the Code, applies. Besides, the very object of requiring the credit to be put on by the maker of the note to prevent the bar of the statute, would be defeated, if the payee, after the death of the maker especially, were permitted to swear that he, as the agent of the dead maker, put the credit upon the note: Code, section 3854; *Shumate vs. Williamson*, 34 *Georgia Reports*, 245.

3. But if High had been competent as a witness, he could not have been the agent under the ruling in *Shumate vs. Williamson*. So that if it had been proved by him that he put the credit there by authority of the intestate, it would be as if it had not been put there at all. While, therefore, the court

may have committed errors, on the main questions he ruled right; and as the verdict of the jury under the admitted facts must have been as it is in any event, we affirm the judgment of the court below in overruling the motion for a new trial.

Judgment affirmed.