## CRANE *vs.* BARRY.

In 1865, after June 1st, a partner retired, selling out to his co-partner his interest (one-half) in the stock, at cost or invoice prices. The retired partner died; and in October, 1866, administration was granted upon his estate. A suit was commenced against the administrator, in August, 1873, by the former partner of the intestate upon a certain award, to which suit the administrator pleaded, in January, 1874, among other things, that at the time of the dissolution, the stock was worth over fifteen hundred dollars, and that he, the administrator, claimed to be entitled to one-half thereof, with interest. He neither offered expressly to set off the claim, nor prayed judgment therefor. The action and the plea remained pending until February, 1877, when the action was voluntarily dismissed by the plaintiff therein. The administrator, in July thereafter, filed the present bill to recover for his intestate's interest in the stock. The bill was barred by the statute of limitations, and a demurrer containing that ground, among others, was properly sustained.

Equity. Statute of limitations. Partnership. Before Judge Rice. Clarke Superior Court. August Term, 1877.

Reported in the opinion.

W. L. MITCHELL; P. G. THOMPSON, by A. L. MITCHELL, for plaintiff in error.

S. P. THURMOND, for defendant.

BLECKLEY, Judge.

The partnership was dissolved in the fall of 1865. One of the partners sold out to the other. The sale was at invoice prices. It does not appear that any term of credit was agreed upon. The presumption is, that the debt created by the contract of sale was due immediately. No reason occurs to us why the seller could not have brought an action at law to recover the value of his one-half interest in the stock, at the agreed prices. It is not alleged that there were any debts due to, or from, the partnership, or that any business of the firm was left open or unsettled. The period of limitation applicable to the case was four years. Code, §2918; 49 *Ga.*, 431. The period is the same in equity as at law. Code, §2924. The seller died; and in October, 1866, administration was granted upon his estate. Counting the four years as running from that time only, the bar attached in October, 1870. The first time the claim was brought into court, was in January, 1874. It was then presented, in a very loose and general way, by a plea which the administrator filed to an action brought against him, in the previous August, upon an award, in which action the former partner of the intestate was the plaintiff. The plea did not expressly offer the matter as a set-off, nor was any judgment prayed for the amount. It is possible, therefore, that had any objection been made to dismissing the action, the pendency of the plea would not have brought the case within section 2907 of the Code, restricting the right of dismissing. Be this as it may, no objections seem to have been presented. The action was dismissed in February, 1877, and the plea went out with it. The bill was filed in July thereafter; and the administrator now wants, it would seem, to treat the bill as a renewed case, under section 2932

·of the Code. But that section applies to *plaintiffs* who, after non-suit, discontinuance, or dismissal, bring a second action for the same cause. Here the administrator was *defendant* in the first action. His plea was not a "case," and the bill, strictly speaking, is not a renewed case. But a sufficient ground for the decision we make is, that the matter of the bill was barred· long before the plea was filed. The court committed no error in sustaining the demurrer and dismissing the bill.

Cited in the argument: acts of 1869, p. 133; 49 *Ga.*, 431; Code, §§2918, 2907, 3465; 45 *Ga.*, 509; 37 *Ib.*, 365.

Judgment affirmed.