WEBB, administrator, *vs.* CARTER *et al.*, executors.

A sealed promissory note, dated 22d September, 1859, and due one day after date, with a credit of five dollars thereon dated the 30th of December, 1869, said credit inserted thereon by direction of the maker contained in a letter, as follows: Col. F. E. Harrison—Dear

Sir : I received your message by Mr. Alford, and enclose you five-dollars, which you will place on my note, which will make all right; and for your satisfaction I will inform you that my son James will wind up my business, with instructions to pay you.   I hope you will not put me to any cost on the subject," said letter being signed by the maker of the note, and dated December 30, 1869, and ad-mitted to refer to the note in question, is not barred by the statute of limitations of 1869, or by any other  statute  of  limitations.    The written acknowledgment of the existence of the liability to pay the note in the letter is equivalent to a new promise to pay it, and the effect thereof is to revive and extend the  original  liability which was to pay the debt any time within twenty years.

Statute of limitations.   Promissory notes.   Before Judge-Pottle.   Hart Superior Court.   September Term, 1878.

Reported in the opinion..

Samuel Lumpkin ;  A. G. McCurry, for plaintiff in error.

Robt. Hester ; W. G. Johnson ;  W.  T. Van Duzer;  V.- P. Edwards;  J.  H.  Skelton,  for defendants, cited acts. 1869, pp. 133-134; 34  *Ga.*, 246; 47  *Ib.*, 340, 342; 3 Gill & John., 394; 1 Peters, 360; 3 *Ib.*,  270 ; 5  *Ib.*, 407; 8 Cranch, 84, 98 ; 2  Wheaton, 25 ; 46  *Ga.*, 126.

Jackson, Justice.

F. E. Harrison, the plaintiff below, brought suit against James M. Carter and John H. Skelton, executors of M. Carter, deceased, upon a note hereinbelow copied, and alleged in his declaration, that on the 30th day of December,. 1869, the said M. Carter "made a  payment of five  dollars on said note, and, in writing, made a new promise to pay the same," and that on the said 30th day of  December, 1869, said M. Carter "made a  written ‘acknowledgment of his existing liability to pay said  note."

The following is a copy of said note and of the entry thereon :

"$464.61.                                    September 22, 1859.

"One day after date I promise to pay to F. E. Harrison,  or bearer, four hundred and sixty-four 61-100 dollars, value received, with inter--

est from the first day of November next.   Witness my hand and seal.
No. ——.   Due, ——.    [Signed]   MICAJAH CARTER.   [L. S.]"
Entry on back of note.]

"Paid, Dec. 30, 1869, five dollars on within note."

The following is a copy of the new promise to pay, and acknowledgement aforesaid, it being a letter from M. Carter to F. E. Harrison :

"COL. F. E. HARRISON :  Dear Sir—I received your message by Mr. Alford, and enclose you five dollars, which you will place on my note, which will make it all right; and for your satisfaction I will inform you that my son James will wind up my business, with instructions to pay you.  I hope you will not put me to any cost on the subject. While writing, I will state to you that I have saved in my hands for you, from Griffeth Fuller, about thirty dollars, which I will pay you when I pay my own account, which will be when I sell my cotton.

"[Signed]              Yours truly,                M. CARTER.
"Dec. 30, 1869."

Evidence for the plaintiff :

1. The note above copied.

2. The letter above copied.

3. James R. Brown sworn :  Was acquainted with M. Carter, now deceased ; in 1872 or 1873 heard him say, in presence of James M. Carter, his son, he had sent Col. F. E. Harrison five dollars, and written him a letter about an old note Harrison held against him for over four hundred dollars originally, which had run for some time, and was about to be barred by the statute of limitations at the time he wrote ; said he wrote said Harrison that his son, the said James M., would wind up his business, and that he had given said James M. instructions to pay said note.

4. R. G. Witherspoon, sworn :  Knew M. Carter, deceased. In 1873 witness was doing business for Harrison, and on one occasion paid M. Carter two or three dollars for Harrison and said Carter remarked : "It is strange for me to be taking money from Harrison when I am owing him an old note which he holds against me for principal of between four and five hundred dollars :" Thinks the credit on the note is Harrison's hand-writing, but is not positive.

5. The admission of defendant's counsel, in open court,

that the note mentioned in the letter from M. Carter to F. E. Harrison is the same note testified about by witnesses Brown and Witherspoon, and that it is the same note sued on by plaintiff in this case.

Evidence for defendants: The admission of plaintiff's counsel, in open court, that Mr. Carter died March 25, 1876, and that defendants qualified as his executors April 3, 1876.

The verdict, under the charge of the court, was for defendants.

Grounds of motion for new trial certified as true by the court:

1. The verdict strongly and decidedly against the evidence, the weight of the evidence, and without evidence.

2. The verdict contrary to law and the principles of justice and equity.

3. The court's refusal to charge the following request of plaintiff's counsel: "The letter signed M. Carter, dated December 30, 1869, which is in evidence before you, is in law a new promise to pay the note to which said letter refers, and if you believe it refers to the note on which plaintiff has sued in this case, and this is admitted by defendants, then said letter revives and extends the original liability on said note, and the plaintiff's right of action is not barred by the limitation act of 1869, or any other statute of limitations."

4. The court's refusal to charge the following written request of plaintiff's counsel: "If the letter signed M. Carter, dated December 30, 1869, refers to the note sued on in this case, the effect of said letter is to take said note and this case out of the provisions of the limitation act of 1869, and prevent the plaintiff's right of action from being barred by said act."

5. The court's refusal to charge the following written request of plaintiff's counsel: "On the 30th of December, 1869, the note sued on was not barred by any statute of limitations, and if the letter, signed M. Carter and dated

that day, refers to said note, then it was a written acknowl-edgement of existing liability on said note, equivalent in law to a new promise to pay, and plaintiff's right of action on said note is thereby prevented from being barred by the limitation act of 1869,"

6. Because the court, after charging that plaintiff's right of action was not barred by the general statute of limita-tions, erred in charging as follows: "The note sued on in this case being dated and due prior to the 1st day of June, 1865, is within the provisions of the limitation act of 1869, and the plaintiff's right of action is barred by that act, notwith-standing the letter written December 30, 1869, by the de-ceased, M. Carter, to the plaintiff, even if you believe that said M. Carter, in said letter, referred to the note in suit, and intended thereby to revive it and acknowledge his lia-bility thereon; that does not take this case out of the pro-visions of the limitation act of 1869, and your verdict should be for defendants. Even if you believe all the evi-dence introduced by plaintiff in reply to defendants' plea, there is nothing to prevent your finding for defendants, and it is your duty so to find."

The motion was overruled and a new trial refused.

The bill of exceptions assigns as error the refusal of a new trial on each one and on all of the grounds stated in said motion.

The sole question made is whether the letter takes the note without the statute of limitations of 1869 and out of the general act of limitations.

This court has held that there are exceptions to the general operation of the act of 1869 other than fraud in the case of trustees; and a time beyond that fixed by that act has been allowed to parties to sue. 49 *Ga.*, 431; 56 *Ib.*, 685; 58 *Ib.*, 531, 459.

So that the question is not an open one with us whether any exception at all other than that therein specified can be engrafted thereon. It could not have been the inten-tion of the legislature to force parties to sue by the first of

January, 1870, without regard to any new promise to pay, or renewal of the debt, or other arrangement which they might make *inter sese* to avoid the expense of suit. The case at bar is an apt illustration of the harshness of such a construction of the law. Evidently Harrison had threatened to sue Carter. But two days were left within which he could sue him before the time limited in the act of 1869 expired. Therefore he sent word to him and received the letter in reply, crediting the note with the five dollars sent, and resting easy under the written acknowledgment. The act of 1869 was not intended to allow such a fraud to be perpetrated under its provisions; and the general assembly meant, we think, that all such claims should be barred unless the parties made some new promise or arrangement whereby the old debt was extended. In other words, the act of 1869 is to be construed in reference to its limitation of time within which these old *ante bellum* claims should be sued, *in pari materia* with the provisions of the Code which regulated the manner in which the general act of limitations could be extended by new promises to pay; and so construing it there is no trouble in this case, but the law of it accords with the justice and equity thereof.

The Code, section 2934, enacts that a "new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, must be in writing, either in the party's own hand-writing, or subscribed by him, or some one authorized by him." The right of action on this note was not barred on the 30th of December, 1869, and the new promise, if in writting, constituted a point from which the limitation began again to run. Section 2935 declares that a payment entered upon a written evidence of debt by the debtor, or *any other* written acknowledgment of the existing liability, is equivalent to a new promise to pay." Well, this letter is such a written acknowledgment of an existing liability to pay this note; and it is therefore as good to charge the maker of the

note as if he had, in the most explicit manner known to the law, promised to pay it in writing. So that the case is taken without the bar of the act of 1869 by this equivalent of a direct promise to pay—this letter by which Carter did direct five dollars, sent by him for the purpose, to be placed on the note, and did promise that it should be paid by his son when he wound up his business.

Is the action barred by the general limitation law of six years applicable to promissory notes or promises to pay, not under seal? or does the limitation run twenty years from the date of the new promise?

The Code, section 2936, declares that " A new promise revives or extends the original liability; it does not create a new one." If it revives the note, as that is under seal, it revives or extends it for the period of time during which a sealed paper would run, which is twenty years. Therefore, the general act of limitation does not bar it. Hence, no limitation act at all bars the note, and the charge of the circuit judge was wrong, and the verdict of the jury is against the law and the evidence, and there must be a new trial.

See, cited for plaintiff in error, pamphlet acts of 1869, p. 134; 49 *Ga.*, 431-441; 36 *Ib.*, 684; 57 *Ib.*, 531; 32 *Ib.*, 119, 121, 127; 28 *Ib.*, 310-312; Code, §§2834, 2935, 3753; 47 *Ga.*, 343; 14 *Ib.*, 343; 49 *Ib.*, 450; 50 *Ib.*, 382; 20 *Ib.*, 600; 45 *Ib.*, 497.

For defendant in error: acts of 1869, pp. 133, 134; 34 *Ga.*, 246; 47 *Ib.*, 340; 3 Gill & John., 394; 1 Peters, 360; 3 *Ib.*, 270, 8 Cranch, 84-98; 5 Peters, 407; 2 Wheaton, 25; 48 *Ga.*, 126.

Judgment reversed.