## VINES *vs.* TIFT & COMPANY.

1. Upon a promissory note, made in February, 1874, and due in November thereafter, a credit entered and signed by the maker, as follows: "1882, April 27, by balance account rendered for 1876, credited under date of November 12, 1876, $48.01, H. W. Vines," is an acknowledgment of the debt as existing at the date of the entry, to-wit, April 27, 1882, and operates as a new promise from that time, and prevents the bar of the statute of limitations from attaching for a period of six years thereafter.
2. Inasmuch as a new promise revives or extends the original liability, creating no new liability (code, §2936), the rate of conventional interest borne by the note is a part of the liability revived or extended; and such rate continues in force as fully after the making of the new promise as it was at the creation of the debt. Nor does it make any difference that, by a change in the law of usury, made in the interval between the execution of the note and the date of the new promise, such conventional rate was largely in excess of any conventional rate allowed by the new law.

March 3, 1888.

Promissory Notes. Statute of Limitations. Interest and Usury. Before Judge BOWER. Worth Superior Court. April Term, 1887.

Reported in the decision.

WRIGHT & ARNHEIM, for plaintiff in error.

D. H. POPE, for defendants.

BLECKLEY, Chief Justice.

In February, 1874, when there was no limitation of the rate of interest, all laws on the subject of usury having been repealed in the previous year, Vines executed to Tift & Co. a promissory note stipulating for interest at the rate of one and three quarters per cent. per month. On that note there was a credit. And it ran on with much of it unpaid, until April 27th, 1882, when another credit was entered, in these terms:

"1882. April 27, by balance account rendered for 1876, credited under date of November 12, 1876, $48.01.

H. W. VINES."

On this note suit was brought by Tift & Co. against Vines, in 1883, the next year after the credit was entered; and that was met by a plea of the statute of limitations. Two questions are presented: (1) whether this entry under date of April 27th, 1882, is to be treated as a new promise dating then, or as a new promise dating November 22, 1876, at the time the entry says the account for 1876 is to be credited; (2) whether, if it be treated as a new promise of the date when entered, it revived the note as to principal only, or as to interest at the contract rate also, and what rate the principal would afterwards bear, whether the contract rate or the rate established by law between the making of the note and the entering of the credit. .

The legislation on the subject has this history: In February, 1875, (acts 1875, 105,) the legislature restored the usury laws, and enacted that any one charging or collecting more than twelve per centum per annum should forfeit the interest and the excess of interest so charged or taken. In October, 1879, another act was passed fixing the maximum of conventional interest at eight per cent.,

and providing that any person violating the act should forfeit the interest and excess of interest so charged or taken. In 1881, (acts 1880–1, 149,) the forfeiture was reduced to the excess of interest charged or taken.

The head-notes complete the opinion.

Judgment affirmed.