WATKINS, administratrix, *v.* HARRIS.

The note in suit being barred on its face by the statute of limitations a new promise will not be implied from unsigned credits entered upon a separate paper sewed to the note and, according to the evidence of the creditor, handed to him in that condition by the administratrix of the maker, it not appearing that any of the credits are in her handwriting. Nor will it vary the matter that some corresponding credits not specially pointed out were previously entered upon another paper (not now produced but then attached to the note) by the daughter and some by the grand-daughter of the administratrix under her orders or direction. The construction of sections 2934 and 2935 of the code by a majority of the court in *Green* v. *Juhan*, 66 *Ga.* 531, disapproved.

November 18, 1889.

Promissory notes. Statute of limitations. New promise. Before Judge EVE. City court of Richmond county. June term, 1888.

On March 31, 1884, Hezekiah Harris sued Amanda Watkins, as administratrix *de bonis non* of James Watkins, for a balance due on a promissory note dated March 8th, 1873, and due twelve months after date. A copy of the note with a list of credits was attached to the declaration. The first credit as there set out is dated "November 18." Then follow numerous other credits in different months (but without any year being stated) until "February, 1878." After this follow the figures "1880"; and the last five credits are August 19th, December 11th, January 2d, February 7th, September 2d. Each credit was simply a date followed by a sum in figures, some of them with the word "paid" intervening. The declaration was amended by alleging

that the note was not barred by the statute of limitations during the lifetime of defendant's intestate; that the original liability was revived and extended by a new promise to pay the same, by defendant as the legal representative of her intestate, by partial payments made by her and credited upon the note in writing by her authority from time to time before the statute of limitation intervened; that the credits appearing upon the note dated August 19th, 1880, December 11th, January 2d and February 7th, 1881, were entered upon the note under the direction of defendant; that the credit under date of September, 1881, was entered by authority of defendant; and that all the other credits appearing thereon represented payments made to plaintiff by defendant, and were by her, or some one by her authority, written on the note and delivered to plaintiff personally.

The defendant pleaded not indebted; the six years' statute of limitations; and that the note was not made within the six years before the bringing of the suit, nor had there been any part payment, new promise to pay or written acknowledgment, or other act to take the note from the operation of the bar of the statute.

On the trial, plaintiff's son testified that his father sent him several times to make collections from defendant on the note, that she paid to him, and told her granddaughter to make credits for said payments, which was done. The plaintiff testified that defendant paid him, and her daughter made credits by her direction; that there was once a little paper at the bottom of the note, and it was filled up with credits; that defendant suggested that plaintiff let her tear it off and put the credits on a new piece of paper; and that she kept the note, and the next time plaintiff came she handed it to him sewed to a new paper, and with the credits copied thereon. The note, or the paper attached

to it, as it appears in the brief of evidence has the last five credits, beginning with August 19th, 1880, placed before all the other credits, instead of after them. It also has a credit of 50 cents under date of December 10, which does not appear in the list annexed to the note as pleaded. And the credit appearing in the latter list as $1.00 under date of September 3, appears in the brief as $31.00 under date of September simply.

A verdict was rendered for the plaintiff; and the defendant moved for a new trial, which was denied, and she excepted.

FOSTER & LAMAR, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

As we understand the record, none of the credits relied upon to take the note out of the statute of limitations were proved by entries made upon the note itself, but the entries actually produced to the court as evidence were on a piece of paper attached by sewing it to the note which, according the evidence of the creditor, was handed to him in that condition by the administratrix, the defendant below. There was no other evidence as to how the note and the paper came to be attached, and no evidence at all as to whose handwriting the credits appearing upon the paper were in. There was evidence that some credits not identified specifically were entered on some paper not produced, a part of them by the daughter, and a part by the granddaughter of the administratrix, but they could count for nothing, as the original writing setting them forth was not submitted to the jury. It seems that the daughter and granddaughter acted by the direction of the administratrix, but whether they wrote in her presence or not does not appear. The list of credits as annexed to the declaration, and that contained in the brief of evidence,

do not correspond. They differ in the order of some of the entries, and the latter has an entry of fifty cents not found in the former, and an entry of thirty-one dollars where the former has an entry of one dollar.

The code, §§2934, 2935, plainly intends that a new promise implied from a credit entered upon an evidence of debt shall count for nothing against the statute of limitations unless it is the handwriting of the debtor, or if the handwriting of another, signed by the debtor, or by some one duly authorized. On this question we agree with Mr. Justice CRAWFORD, and differ with the majority of the court, in the case of *Green* v. *Juhan*, 66 *Ga.* 531. The evils of parol evidence, against which the code intended to guard, were realized in that very case. The parol evidence was conflicting, and so the new promise implied from the credit was not established by writing, but by the opinion of the jury upon the more or less credibility of the respective witnesses. We think both the letter and the policy of the code are better sustained by requiring an unsigned credit to be in the handwriting of the debtor. Section 2935 says a payment entered upon an evidence of debt by the debtor is equivalent to a new promise to pay. This means by the debtor himself, and not by his agent. Hyde *v.* Johnson, 2 Bing. (N. C.) 776; Wood on Lim. 217. Doubtless the agent's act would suffice if his authority were proved by writing. Code, §2182. But the whole matter as to a new promise might as well be left to the testimony of witnesses, as the agent's authority to make an unsigned entry. A signed entry or instrument executed in the debtor's presence and by his verbal permission or direction, might be sufficient. *Cunningham* v. *Lamar*, 51 *Ga.* 574. It should not be overlooked that a statute requiring a new promise to be evidenced by writing is not a statute of limitations. It is a law of evidence, having for its object the avoidance of the un-

certainties to which parol evidence is exposed. *Shumate*
v. *Williams* 34 *Ga.* 245. This last authority shows,
also, that it makes no difference whether the promise
involved was made before or after the statute bar at-
tached on the original contract. We are quite unable
to concur in the reasoning of Chief Justice JACKSON, in
*Green* v. *Juhan, supra,* that because in certain cases,
such as *Wright* v. *Bessman,* 55 *Ga.* 187, *Dobson* v. *Dick-
son,* 62 *Ga.* 639, and *Ryal* v. *Morris,* 68 *Ga.* 834, the
court has decided that without written authority the
creditor could not be the agent of the debtor to enter a
credit from which a new promise would arise, the in-
ference might be drawn that another person could be
such agent. The cases on this subject ruled upon the
facts as they were presented, and did not commit the
court to any doctrine whatever upon a different state of
facts. It is often, indeed nearly always, desirable to
confine the judgment of a reviewing court to the neces-
sary questions raised by the state of facts before it in
the given case. This we shall do in the present case in
framing the head-note to this opinion.

The plaintiff below, the plea of the statute of limi-
tations being interposed, was not entitled to recover on
the evidence submitted to the jury, and the court erred
in not granting a new trial.          *Judgment reversed.*