5282.  DUNCAN, executor, *v.* REDD.

1. Since a judgment refusing a nonsuit will not be reversed, where it appears from an examination of the record that the evidence as a whole was sufficient to support the verdict returned in favor of the plaintiff (*Atlanta, Birmingham & Atlantic R. Co.* v. *Sumner*, 134 *Ga.* 673, 68 S. E. 593), an exception to the refusal to order a nonsuit will not be considered, where, in the motion for a new trial, which was overruled, error is assigned on the ground that the verdict is contrary to the evidence and without evidence to support it. Especially is this rule to be applied when the defendant has introduced no testimony.

2. In an action on a promissory note, which is apparently barred by the statute of limitations, the bar of the statute may be relieved, and a recovery be authorized, by proof of such an acknowledgment of the debt, in writing, signed by the promisor, as will support the inference of a new promise to pay the obligation.

(*a*) Such an acknowledgment may be established by the contents of a letter, written by the maker of the note; and even though the note be not identified by· specific reference to its date, the question as to the sufficiency of the language used in the writing to identify it is for the jury.

(*b*). Extrinsic evidence may be used in aid of the identification of the note referred to in the writing acknowledging the indebtedness; and when the finding of the jury, that the debt in issue has been identified in the writing acknowledging the indebtedness, has been approved by the trial judge, his discretion in. that regard will not be controlled, if the evidence authorized the finding.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED JANUARY 27, 1914.

Complaint; from city court of Hall county—Judge Irwin presiding. October 15, 1913.

*C. N. Davis, H. H. Dean,* for plaintiff in error.

*Howell Brooke, W. B. Sloan, J. G. Collins,* contra.

RUSSELL, C. J. Redd sued Duncan as the executor of W. D. Hawkins, for the balance due on a promissory note alleged to have been made by his testator. At the conclusion of the testimony for the plaintiff, the defendant's motion to nonsuit the plaintiff was overruled; and this judgment is made the ground of direct exception in the bill of exceptions. The defendant introduced no testimony, and, the court having fairly submitted to the jury the issue as to whether the note . (the execution of which was proved) was barred by the statute of limitations, a verdict was rendered in the plaintiff's favor. A motion for a new trial was overruled, and error is assigned upon the judgment refusing a new trial.

1. It is not necessary to consider the exception to the judgment

upon the motion to nonsuit, apart from the general grounds of the motion for a new trial, because it is well settled that even if the court could properly have sustained the motion to nonsuit at the conclusion of the plaintiff's testimony, the judgment upon it will not be reversed, if it is apparent that after all the evidence was in, a finding in favor of the plaintiff would have been authorized. The discussion of this exception need not be extended beyond what is said in the headnote.

2. The only question raised by the record is the sufficiency of the plaintiff's testimony to overcome the plea that the note was barred by the statute of limitations. It appears from the record that in 1903 Hawkins borrowed $500 from Redd and gave him a promissory note, payable December 20, 1903. On this note were entries of payments in February, 1904, March, 1905, January, 1907, December, 1907, and January 14, 1909, apparently in settlement of the interest, computed at 8 per cent. per annum. It seems not to be strongly disputed that the bar of the statute of limitations would have attached on December 20, 1909, which was six years from the maturity of the note, but it is contended that the obligation was revived by the debtor's acknowledgment of his indebtedness and a new promise to pay. In support of this there appear upon the note entries of a payment of $140, January 1, 1910, and of a payment of $132, January 17, 1911. These entries were not in the handwriting of the debtor, nor signed by him; but, to supply proof of an acknowledgment in writing, and in consequence to raise the implication of a new promise to pay, the plaintiff introduced two letters relating to the two payments last referred to, and proved without dispute (by the son of the decedent) to be in his handwriting. These letters are as follows: "Flowery Branch, February 18, 1910. Mr. J. L. Redd, Orange, Ga. Enclosed find check for $140, as per your request. Give my note credit for interest and $100 on the principal, and oblige. [Signed] W. D. Hawkins." "Flowery Branch, January 11, 1911. Mr. J. L. Redd, Dear Sir: You will find my check for $132 as you request. Give my note credit and oblige. [Signed] W. D. Hawkins." The decedent's only son, who was his general agent in the conduct of his mercantile business, testified that the decedent owed Redd on only one note; and therefore the note to which the decedent was referring is sufficiently identified.

The sole defense in the case was that the note was barred by the statute of limitations. There was no plea of non est factum, or other plea which put in issue the execution of the note by the decedent; and the only question involved in the case is whether the evidence, which was not contradicted, sufficiently established such an acknowledgment of the particular debt on the part of the maker of the note as would be the equivalent of a new promise to pay, and effectuate a revival of the original obligation. Of course this is a question of fact; and in this view of the case we think the evidence was sufficient to authorize the jury to find in favor of the plaintiff on the only two questions pertinent to their inquiry: (1) whether the letters referred to the note sued on, and (2) whether these letters amounted to an acknowledgment of the indebtedness as a binding obligation. In *Martin* v. *Broach, 6 Ga.* 21 (50 Am. D. 306), the Supreme Court gives the general rule upon this subject, as follows: "The rule we take to be this—where there is any dispute as to the facts which go to prove the making of a new promise, then, whether a sufficient acknowledgment, or promise, has been made, to take the case out of the statute, is a mixed question of law and fact, to be passed upon by the jury." In that case there were accounts and a note, but no reference was made to either except in a general way, and no particular payment was referred to; but as to how proof of identity may be made the Supreme Court says: "This may be done as well by satisfactory reference as by explicit terms." In *Webb* v. *Carter,* 62 *Ga.* 415, in passing upon a writing, the terms of which are practically identical with the language of the letter in the case at bar, the Supreme Court held it to be a sufficient acknowledgment of the debt to prevent the bar of the statute. In that case the letter was as follows: "I received your letter by Mr. Alford, and enclose you five dollars, which you will place on my note, which will make it all right; and for your satisfaction I will inform you that my son James will wind up my business, with instructions to pay you." The only question was whether that letter was sufficient to relieve the bar of the statute of limitations; it was admitted that the letter was genuine, and in the present case the proof of the genuineness of the letter is not denied. The note in that case was identified only by the reference contained in the words "my note," and, while it was admitted that this reference was to the note in question, there is

proof in the present case, as satisfactory as the proof in that case, that the debtor could not have owed the creditor on other notes. Furthermore we think that the amounts of the various entries made on the back of the note before the bar of the statute attached (as illustrated by the letters referring to the annual interest on the sum of $500) corroborated the plaintiff's contention; especially as the $132 referred to in the last letter is evidently the result of a calculation of the interest for one year on the $400 remaining unpaid after the application of the payment of $140 according to the previous direction of the maker of the note, and the sum of $100 upon the principal. It must be admitted that Mr. Hawkins' two letters amount to an acknowledgment of some indebtedness by note; and in *Pendley* v. *Powers*, 129 *Ga.* 73 (58 S. E. 655), the question of identity is left to the jury, the court holding that "If the plaintiff, to identify the note sued upon as the subject of the written promise, introduces other proof which fails to satisfy the jury on this point, this court will not interfere to control their finding, although the court may be of the opinion that the aliunde testimony preponderated against the conclusion of the jury." Certainly the converse of the proposition would be true, and there would be no error on the part of the court in approving the finding of the jury on the subject of identification, if the aliunde testimony is sufficient for that purpose. This principle is also recognized in *Kelly* v. *Strouse*, 116 *Ga.* 875 (43 S. E. 280); and in other jurisdictions the rule announced in *Webb* v. *Carter*, supra, and in *Walker* v. *Griggs*, 32 *Ga.* 119, seems to have been followed. See Kleis *v.* McGrath, 127 Iowa, 459 (103 N. W. 371, 69 L. R. A. 260-4, in which many authorities are cited, 109 Am. St. R. 396); Opp *v.* Wack, 52 Ark. 288 (12 S. W. 565, 5 L. R. A. 743); Doran *v.* Doran, 145 Iowa, 122 (123 N. W. 596, 25 L. R. A. (N. S.) 805-814); Coe *v.* Rosene, 66 Wash. 73 (118 Pac. 881, 38 L. R. A. (N. S.) 577, Ann. Cas. 1913C, 741). In each case cited in Kleis *v.* McGrath, supra, parol evidence was held admissible to identify the particular note or other form of indebtedness which it was contended had been acknowledged.

We see no error in establishing the identity of the note referred to in Mr. Hawkins's letters by the parol testimony of his son, which indicates that this was the only debt he owed Redd, as well as by other circumstances to which we have referred. Upon this subject

see also Abrahams v. Swann, 18 W. Va. 274 (41 Am. R. 692), in which it is held that the particular debt to which the letter referred may be identified by extrinsic evidence; also Norton v. Sheppard, 48 Conn. 141 (40 Am. R. 151) ; 25 Cyc. 1432, 1434, 1352.

The point is made by the plaintiff in error that in the *Webb* case, supra, the letters were admitted to refer to the note in question, and that the letter concluded with the statement that the writer's son James would wind up his business with instruction to "pay you." The difference between the two cases, however, is only as to the mode of proof and the quantum of evidence necessary to satisfy the jury. The principle is the same; if there is enough evidence to satisfy the jury, it is immaterial that the evidence in the one case is of a different kind from that in the other, and in one case is perhaps stronger than in the other. In *Walker* v. *Griggs, 32 Ga.* 119, it is true, it is held that when the promise relied upon relates to notes generally, without specifying amounts, dates, etc., the promise is insufficient. Per contra, it would no doubt have been held in the same case that if there could have been satisfactory identification of the particular note to which the promise related, the promise would be sufficient. The same could be said of the ruling of the Supreme Court in *Dobson* v. *Dickson,* 62 *Ga.* 640.

The court did not err in refusing a new trial.

*Judgment affirmed.*