## 24599. CHILES v. CITY OF ATLANTA.

BROYLES, C. J. Under the ruling of this court in *Garrett* v. *Atlanta*, ante, 69, and the facts of the instant case, the certiorari bond executed by the petitioner for the writ of certiorari was not a valid bond, and the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

DECIDED APRIL 8, 1935.

*M. G. Hicks, Philip N. Jobson,* for plaintiff in error.
*J. L. Mayson, C. S. Winn, J. C. Savage,* contra.

GUERRY, J., dissenting. The certiorari bond was signed by the principal on one line, and under this signature, on another line, was "Jordan & Garner," and on a third line, "N. A. Garner." This bond was approved by the clerk. Following this was an affidavit purporting to be by Jordan & Garner, deposing that "he is security on said bond" and is fully solvent. The affidavit was signed, "Jordan & Garner, N. A. Garner." I recognize that a partnership can not be surety or guarantor for a third person, and the certiorari bond signed by Jordan & Garner, which name im-

ports a partnership, was ineffectual as a proper bond. *Cunningham* v. *Lamar,* 51 *Ga.* 574. Such a signature was surplusage. The bond, however, was signed by N. A. Garner, and N. A. Garner was bound thereon. This bond so signed was approved by the clerk. Under the provisions of § 5186 of the Civil Code of 1910 (Code of 1933, § 19-207) the clerk had a right to require an affidavit of justification. He did not require such affidavit from N. A. Garner, but approved the bond. It is possibly true that the clerk, in approving the bond, thought the partnership bound thereon. The fact that Jordan & Garner are not bound does not avoid the bond, for there is other security that has been approved. In my opinion it was error to dismiss the certiorari because of an alleged defective bond.