29740.   NASH *v.* TRUESDEL.

Decided November 18, 1942.

*Anderson, Anderson & Walker,* for plaintiff in error.

*Frank G. Wilson,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) 1. The court did not err in overruling the motion for a nonsuit and in refusing to dismiss the petition as amended. A motion for a nonsuit is not erroneously denied and a new trial will not be granted where the entire evidence authorizes a verdict for the plaintiff. *W. & A. Railroad Co.* v. *Landers,* 142 *Ga.* 774 (83 S. E. 788); *Duncan* v. *Redd,* 14 *Ga. App.* 306 (80 S. E. 726). It did not appear from the petition as amended that there had been a mutual rescission of the contract and that therefore there was no obligation on the part of the defendant to erect a house. The petition was not subject to dismissal because it appeared therefrom that there was no liability on the part of the defendant for the damages sued for. The evidence was in sharp conflict. Under the evidence for the plaintiff the jury were authorized to find that the plaintiff did not release the defendant from his agreement to erect the house; that the plaintiff complied with his agreement in the payment of the purchase-money in that the payment made thereon and the FHA mortgage loan secured by him, while not in strict conformity with the contract, were made by the plaintiff with the defendant's approval, and were accepted by the defendant as a compliance under the contract. The jury were also authorized to find that while the plaintiff procured some one else to build the house and obtained the deed to the lot on which the house was erected from the defendant's vendor, it appearing that the defendant did not own the property when he contracted to sell it to the plaintiff, but only had a contract to deed the same, he did not thereby rescind the contract and release the defendant from his agreement but that he did this when the defendant had failed to perform the contract and erect the house. The evidence authorized a verdict for the plaintiff.

2. The court charged the jury as follows: "If, however, you determine the plaintiff is entitled to a verdict, you would go a step further and take up the question of damages, and in that connection I charge you the plaintiff would be entitled to recover what-

ever sum you find to be the difference between the contract price, after allowing for a reasonable market value of the lot, and the fair cost price to the plaintiff to complete the contract, that is building the house, if you find there was a difference exceeding the contract price." This charge was not error for any of the reasons assigned. The correct measure of damages was not, as contended by the defendant, the difference between the contract price and the market value at the time and place of the alleged breach of the contract. The contract sued on was not an ordinary executory contract for the sale of real estate. It was a contract whereby the defendant agreed to sell to the plaintiff a lot and to erect thereon a house, according to certain plans, for a stated purchase-price to be paid in the manner specified therein. The suit is for the breach of this contract by the failure to erect the house, whereby the plaintiff was forced to have the house erected by another. The defendant was not the owner in fee simple of the real estate but only held a contract to sell the real estate, and the plaintiff, on the defendant's failure to erect the house after the plaintiff had made the cash payment to him, obtained a deed from the owner of the fee and procured another person to erect the house. The plaintiff's damages would be the actual damages sustained by him. The correct measure of damages would not be the difference between the contract price and the market price at the time and place of the alleged breach of the contract by the defendant.

3. The verdict for the plaintiff being supported by the evidence and no error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*