## 62040. SIEFFERMAN v. PEPPERS.

BIRDSONG, Judge.

The appellant Siefferman sued appellee Daisy Peppers on a 1971 personal note obligation (representing attorney fees and assigned to Siefferman by the payee law firm of Long & Siefferman, "L & S") which obligation had been discharged in bankruptcy in March, 1974, but which Siefferman claims was reassumed by Peppers, pursuant to Code Ann. §§ 3-901, 3-902, and 3-903, and upon which the interest has steadily increased. The case first appeared in this Court in *Peppers v. Siefferman,* 153 Ga. App. 206 (265 SE2d 26), where we reversed the trial court's grant of summary judgment to Siefferman. At the trial of the case on remand, the trial court directed a verdict for Peppers. Siefferman appeals. *Held:*

1. We reverse. In contending that appellee Peppers reassumed the note, appellant offered a March 1975 check issued by his law firm to Peppers, which paid her $1,300 and which clearly shows on its face that of a total of $2,800 turned over by her to the firm, $1,500 was deducted as "amount applied to note of L & S," the balance of $1,300 being the amount remitted back to appellee Peppers. This check was accepted and endorsed by Daisy Peppers. Siefferman also offered a May 1974 letter from himself to Peppers which reduced to writing their minimum fee agreement as to the trial of a case then in progress (and finally resolved in Peppers' corporation's favor for $300,000). This letter stated that if the verdict "is less than $75,000 . . . the difference between our contingent fee . . . and the sum of $25,000 shall be paid to us (*in addition to the $14,000 owing on promissory note*) . . . or, in the event no recovery is made in the suit . . . then the entire $25,000 would be payable in addition to the $14,000. . . ." (Emphasis supplied.) Appellee Peppers signed this letter as President and Director of Fidelity Enterprises, Inc., under a typed statement that "the above letter correctly sets forth our agreement for the payment of a minimum fee. . . ." Siefferman also sought to show a 1977 handwritten letter signed by Peppers, setting out how she intended to account for certain funds, and referring to "my further legal positions as to the $15,000 I am paying you." This letter stated a deduction which "I want credited to the 'old' balance. I want my legal fees to be shown as 'current' . . . moreover I do not want to have to keep showing on financial reports to the SBA and Fulton National, outstanding bills. Since the old bill for Fidelity is a moral one, I don't want to be placed in an unfavorable light with SBA and the bank. Whatever the balance 'then' is, I'll pay personally as my income makes it possible . . . . my total income is nothing to write home about—it only eases my mind as to reducing my moral debts as well as legal ones. (In one certain

transaction) I did not come out well at all except for moral debts I really didn't have to pay." This 1977 letter was signed "Daisy." There was also a 1975 letter, signed by Peppers (but apparently at Siefferman's direction to prove that he had not slipped himself into her will) stating she had named Siefferman beneficiary of $15,000 "in satisfaction of a longstanding debt." The will does name Siefferman beneficiary.

In *Peppers v. Siefferman,* supra, we affirmed that the authenticity of these writings was admitted by Peppers' failure to file a response to Siefferman's request for admission. We also held that Siefferman was not entitled to summary judgment, because the admission that $1,500 (shown on the above-described check as credited to note of L & S) was paid after the bankruptcy discharge did not establish a "clear, express, distinct, unequivocal, and without qualification or condition" reassumption (*Oglesby v. Trust Co. of Ga.,* 47 Ga. App. 749 (171 SE 393)); and because the letter reference to $14,000 owing on the promissory note did not identify the promissory note or in any way indicate an intention to reassume the discharged debt.

At trial the trial court admitted the check into evidence but refused to admit the other writings. The trial judge stated that the Court of Appeals had held in the case that the check and other writings offered were "not sufficient to reaffirm this obligation as a matter of law. So there's got to be something in addition to the documents that went to the Court of Appeals and those admissions."

What we held in *Peppers v. Siefferman,* supra, was that Siefferman was not entitled to *summary judgment* on the issue of reassumption. The evidence was construed, "as it must be on summary judgment" (*Peppers,* supra, p. 209; Code Ann. § 81A-156), against Siefferman the movant, and we found that Siefferman had not proved reassumption as a *matter of law;* that is, that genuine issues of material fact remained in the case. The point of summary judgment is to remove from the jury what is so clear as not to need rumination, but our holding that the evidence is not so clear certainly does not mean it is without merit, nor does it mean that, upon rumination, the jury cannot award a judgment on it. See *Stratton & McLendon v. Cameron-Brown Co.,* 140 Ga. App. 430, 431 (231 SE2d 447).

We held in *Peppers,* supra, p. 208, that a debt discharged in bankruptcy is not extinguished but only barred. Such a debt can be reassumed. Code Ann. § 3-902; *Oglesby v. Trust Co. of Ga.,* supra, p. 750. Code Ann. § 3-901 requires only that "a new promise, in order to renew a right of action already barred . . . shall be in writing, either in the party's own handwriting, or subscribed by him. . . ." The purpose

of this requirement is simply to avoid the uncertainties to which parol evidence is exposed. *Watkins v. Harris,* 83 Ga. 680, 683-684 (10 SE 447). As we said in the first appearance of this case, such promise must be "clear, express, distinct, unequivocal, and without qualification or condition," and although we could not conclude there was such a promise as a matter of law, the jury might determine it is there.

In *Fairmont Creamery Co. v. Collier,* 21 Ga. App. 87, 92 (94 SE 56), we said that where a debtor discharged in bankruptcy had without complaint endorsed and cashed checks from which were expressly deducted payments to his old debt, such written acquiescence might amount to a new contract to pay the debt. See also *Green v. Hall,* 36 Ga. 538. In *Vines v. Tift,* 79 Ga. 301 (7 SE 227), the Supreme Court said that a credit entered and signed by the maker upon a promissory note was an acknowledgement of the debt as existing at the time of entry and operates as a new promise. See also *Middlebrooks v. Cabaniss,* 193 Ga. 764, 765 (20 SE2d 10). In this case, the jury might find Daisy Peppers' endorsement of an instrument which expressly deducted $1,500 to "note of L & S" might be "a payment entered upon a written evidence of the debt by the debtor, or ... written acknowledgement of the existing liability," constituting a new promise to pay under Code Ann. § 3-903, or at least might be clear and express evidence that she intended to reassume the debt.

We held that the other writings in the case did not identify the promissory note to L & S as being the note or "old debt" and "moral debt" referred to, so as to entitle Siefferman to judgment as a matter of law. But evidence extrinsic to the respective writings themselves may prove identification, particularly where, as here, the evidence is that there was only one debt owed by the debtor. *Middlebrooks,* supra, p. 768; *National City Bank v. First Nat. Bank,* 193 Ga. 477, 484 (19 SE2d 19); *Webb v. Carter,* 62 Ga. 415; *Duncan v. Redd,* 14 Ga. App. 306, 307 (80 SE 726). Identification of the barred indebtedness as the one reassumed may be proved aliunde and is a question of mixed law and fact for the jury. *Duncan,* supra, p. 308. We will not interfere with what the jury might say is a "clear, express, distinct, etc." reassumption, so long as there is evidence to support the judgment. See *Duncan,* supra.

On Peppers' motion for directed verdict, the evidence must be construed most favorably to Siefferman (*Curl v. First Fed. Savings &c. Gainesville,* 243 Ga. 842, 843 (1) (257 SE2d 264)), and could be granted only where the evidence introduced and all reasonable deductions therefrom *demand* the verdict. Code Ann. § 81A-150 (a). That is not the case here. The trial court erred in directing a verdict for the appellee. The trial court erred in refusing to admit all of the

evidence offered by the appellant in this case, since it was relevant. *Jasper County v. Butts County,* 147 Ga. 672, 673 (95 SE 254); and see *Williams v. Colonial Pipeline Co.,* 220 Ga. 381, 383 (139 SE2d 308).

The fact that as president and director of the corporation involved in the lawsuit, Daisy Peppers signed the lawsuit fee agreement letter promising to pay her individual promissory note, does not render the letter inadmissible against Daisy Peppers individually. Obviously she could not bind the corporation for her debt, but she could bind herself, and she cannot be permitted to gain a substantial advantage against appellant by contending that she promised in one capacity of herself what she intended to refute in another capacity.

2. Certain rulings made by the trial court appear to have been based on the apprehension of some lurking evil in the appellant Siefferman's posture in the case. We do not see the evil as so apparent, nor does the trial court's suspicion of it prevent him from proving his case prima facie. Admittedly, as Peppers' attorney, he filed her personal bankruptcy petition, scheduling her note to his law firm as one of the debts to be discharged. At trial of this case Siefferman insisted that Peppers prove her affirmative defense of discharge. While his insistence that he had never seen the discharge may have been impeached, it is a matter for general impeachment only and is not relevant to destroy his case for reassumption. Likewise, even if Peppers' will, which named Siefferman beneficiary in the alleged amount of the note and interest, was a "devise" as the trial court remarked in excluding it, it might be as relevant to impeach the appellant as it might be to show Peppers' intent to reassume the debt. Finally, there is no evil in the mere fact that the appellant as attorney obtained Peppers' discharge on her note to himself and now contends she reassumed it. As her attorney he was placed in the no doubt painful position of obtaining a discharge of his own asset, but we would not twist the knife by expecting him to continue representing Peppers in her myriad and complex affairs without some agreement by her to pay an indebtedness for the services he had performed, particularly since the obligation is not one extinguished but merely barred, for we do not question her right to have refused to reassume the debt and sought new counsel if she wished. This case may contain good and moral consideration for a new promise to pay. As in any reassumption of a barred obligation, if any fraud is involved, it is a matter of defense by the debtor once the creditor has made his prima facie case.

3. The remaining enumerations of error are either without merit or harmless matter; inasmuch as the case never went to the jury and is hereby reversed, including the award to appellee for costs.

*Judgment reversed and case remanded. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1981.

*Floyd E. Siefferman, Jr.,* for appellant.
*Michael Broadbear, John W. Folsom,* for appellee.