A08A0641. MILLER v. BRANCH BANKING & TRUST COMPANY.
(663 SE2d 756)

RUFFIN, Presiding Judge.
This case involves entitlement to insurance proceeds between Gail Miller and Branch Banking & Trust Company ("the Bank"). The parties filed cross-motions for summary judgment, and the trial court found in favor of the Bank and against Miller. In her sole enumeration of error, Miller claims that the trial court erred in so ruling. For the following reasons, we affirm.

A trial court properly awards summary judgment when the moving party has demonstrated that there is no genuine issue of

material fact and that the evidence, viewed most favorably to the nonmoving party, warrants judgment as a matter of law.[1] Viewed in this manner, the record reveals that Franklin Miller was issued an insurance policy with MONY Life Insurance Company in 1976, and his wife Gail Miller was listed as the beneficiary. In February 1977, Franklin Miller assigned the policy to the Bank as collateral for a loan.[2] Franklin Miller apparently defaulted on the loan, and he filed for bankruptcy in 1981. When Franklin Miller died in December 2005, both Gail Miller and the Bank asserted claims to the proceeds of the policy.

MONY filed an interpleader action, paid the proceeds of the policy into the registry of the court, and was subsequently dismissed from the case. Miller and the Bank then filed cross-motions for summary judgment. Miller argued before the trial court that the assignment of the policy was an instrument under seal and that the statute of limitation to sue on such instrument is 20 years.[3] And Miller asserts that the statute began to run when her husband defaulted on the underlying obligation, which occurred in 1981. Thus, Miller reasons, the Bank may no longer recover based upon the assignment. The Bank, on the other hand, argues that it is entitled to its collateral regardless of the statute of limitation. The trial court apparently agreed with the Bank, granting its motion for summary judgment and denying Miller's. We find no error in this ruling.

As the Supreme Court noted, a life insurance policy "may be assigned by the insured as security for a debt . . . and generally the effect of such an assignment is to vest legal title to the policy in the assignee *to the amount of the debt secured*."[4] Accordingly, having received a valid assignment in 1977, from that point forward, the Bank had legal title to the policy. Moreover, we cannot agree with Miller's contention that the Bank's rights to recover on the collateral accrued upon her husband's default. Under OCGA § 9-3-23, "[a]ctions upon bonds or other instruments under seal shall be brought within 20 years after the right of action has accrued." And here, the Bank's right to sue did not arise until Franklin Miller's death.[5]

---

[1] See OCGA § 9-11-56 (c); *Autrey v. UAP/GA AG Chem, Inc.*, 230 Ga. App. 767 (1) (497 SE2d 402) (1998).

[2] The policy was assigned to the Bank's predecessor in interest, First Bulloch Bank & Trust Company.

[3] See OCGA § 9-3-23.

[4] (Emphasis supplied.) *Parramore v. Williams*, 215 Ga. 179, 181 (1) (109 SE2d 745) (1959).

[5] See *Conway v. Caswell*, 121 Ga. 254, 258 (1) (48 SE 956) (1904).

Although Franklin Miller's bankruptcy may have precluded the Bank from suing him to recover the loan proceeds, it does not necessarily follow that the Bank is precluded from recovering the collateral. "[A] debt discharged in bankruptcy is not extinguished[,] but only barred."[6] And where a policy of insurance is transferred as security for a debt, the fact that the creditor may lack a remedy for the debt does not destroy the debt nor does it prevent the holder of the collateral from enforcing its rights to the collateral.[7]

*Judgment affirmed. Andrews, J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JUNE 9, 2008 —
RECONSIDERATION DENIED JUNE 25, 2008.

*Jesse C. Stone*, for appellant.
*Hall & Kirkland, Joseph M. Hall*, for appellee.

---

[6] *Siefferman v. Peppers*, 159 Ga. App. 688, 689 (1) (285 SE2d 61) (1981).
[7] See id.