SMITH, administrator, *vs.* COOK.

1. If a person who has been adjudicated a bankrupt and has received his discharge in bankruptcy thereafter suffers a judgment to go against him upon a debt properly provable in bankruptcy, he is bound by such judgment, and so are all others claiming under or through him.

2. A decree setting aside and annulling a conveyance, rendered on a bill against the grantee therein, is conclusive on a person who claims that the grantee was in fact his agent and trustee, and that the beneficial interest under the deed was in him.

September 18, 1883.

Bankruptcy. Judgment. *Res adjudicata.* Principal and Agent. Trusts. Before Judge BOWER. Baker Superior Court. May Term, 1883.

Reported in the decision.

D. A. VASON; L. ARNHEIM, for plaintiff in error.

W. E. SMITH; G. J. WRIGHT R. F. LYON, for defendant.

BLANDFORD, Justice.

This was a claim case, and the following are substantially the facts in the case: David Smith sold, and by proper deed conveyed to Frank P. Smith one undivided half interest in certain lands levied on and claimed in this case, which deed was dated 29th day of May, 1860. He also conveyed the other half undivided interest in said lands to said Frank P. Smith by deed, dated in the year 1867. Frank P. Smith conveyed by deed the whole of said premises, on the 19th day of July, 1868, to D. D. Smith. David Smith was the father, and Frank P. and D. D. Smith were his sons. D. D. Smith conveyed by deed these premises to Z. R. Smith, administrator of David Smith, deceased, dated the 17th day of January, 1877. H. J. Cook, in 1875, obtained a decree in Baker superior court against Frank P. Smith for the sum of $3,675, and by said decree

the sale by Frank P. Smith to D. D. Smith and the deed of conveyance from Frank P. Smith to D. D. Smith were set aside and declared void, and that the said premises be sold for the satisfaction of the amount decreed against said Frank P. Smith. A writ of execution issued upon this decree, and was levied upon the premises aforesaid; a claim was interposed by Z. R. Smith, as administrator of David Smith, deceased. Frank P. Smith became a bankrupt, and was discharged in bankruptcy before this decree was rendered against him. Frank P. Smith and D. D. Smith were both parties to the decree above rendered. The property was found subject, and claimant moved for a new trial on many grounds, which was refused by the court below.

1. On the trial of the case, claimant filed what he called a plea of bankruptcy of said Frank P. Smith. Upon motion, the court struck said plea, and this is one ground of the motion for new trial. It is well settled that if a person who has been adjudicated a bankrupt, and has received his discharge in bankruptcy, thereafter suffers a judgment to go against him upon a debt properly provable in bankruptcy, he is bound by such judgment, and all others claiming under or through him as parties or privies.

2. The main question in this case is this: The claimant alleges and insists that David Smith had an equitable lien for the unpaid purchase money of this land; that Frank P. Smith never paid anything for the same; that H. J. Cook knew this at and before he extended credit to Frank P. Smith; that when the deed from Frank P. Smith to D. D. Smith was executed, it was to D. D. Smith as agent for David Smith; that D. D. Smith took this deed for the benefit of David Smith; that the same was made by Frank in extinguishment or payment of the debt which he owed his father, David Smith, and to extinguish the said lien of David Smith.

David Smith was concluded by the decree rendered in this case. According to his own statement, D. D. Smith was his agent, and if the facts which he alleges be true,

D. D. Smith was his trustee,—he held this land for him and represented him in the proceedings upon which the decree was rendered. Code, §§3577, 3826; 61 *Ga*, 599. The decree of the court annulled and made void the deed from Frank P. Smith to D. D. Smith, by which deed D. D. Smith is said to hold this land as agent and trustee for David Smith. This view is decisive of this case. The property was properly found subject, and the court did right to refuse the new trial.

Judgment affirmed.