## ˙MOORE *v.* TROUNSTINE.

1. A promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge.
2. The effect of a discharge in bankruptcy is to extinguish the debt; and a promise by the debtor to revive the discharged debt must be clear, express, distinct, unequivocal, and without qualification or condition, before it will be enforceable against him. The letter relied on to constitute the new promise fails to come up to this test.

Submitted June 7,—Decided July 30, 1906.

Certiorari. Before Judge Rawlings. Bulloch superior court. November 3, 1905.

*G. S. Johnston,* for plaintiff in error.

*Brannen & Booth* and *Slaton & Phillips,* contra.

EVANS, J. Two questions are presented by this record: (1) Is a new promise made prior to discharge but after adjudication in bankruptcy effectual to renew the old debt? (2) Does the letter contained in the record constitute a new promise?

1. It has been very generally held that the new promise may be made any time after adjudication of bankruptcy, before or after discharge. Brandenburg on Bankruptcy, §391; 16 Am. & Eng. Enc. Law (2d ed.), 790, note; 5 Cyc. 409, and cases cited. The discharge of the bankrupt relates back to the adjudication of bankruptcy, and a promise by a bankrupt to pay a debt provable in bankruptcy renews the debt. In *Anderson* v. *Clark,* 70 *Ga.* 362, the defendant pleaded that he had been adjudicated a bankrupt and prayed a stay of proceedings, but subsequently withdrew the plea and confessed judgment; and the court held that such conduct amounted to a new promise to pay and an agreement that the judgment should bind him, and precluded him in a subsequent suit on the judgment from making the defense of bankruptcy. The principle of this case was also recognized in *Steadman* v. *Lee,* 61 *Ga.* 58, *Howell* v. *Glover,* 65 *Ga.* 468, and in *Adams* v. *Dickson,* 72 *Ga.* 846. In *Ross* v. *Jordan,* 62 *Ga.* 398, the new promise was made after the discharge, and the court did not have before it the validity of a new promise made after adjudication and before discharge. The plaintiff in error cites an expression from the opinion in *Thornton* v. *Nichols,* 119 *Ga.,* on page 54, to establish his contention that the new promise to be effectual must be made after the bankrupt's

discharge. That expression is: "With the plea of discharge in bankruptcy in and proved, the burden was upon the plaintiffs to show, not only that the promise was made since the discharge, but also that it was made before the suit on the account was filed." In that case the new promise was alleged to have been made after the discharge, and the court held that even though the new promise was made after the discharge, the plaintiff could not recover, because it did not appear that the promise was made before the suit was filed. Nothing was adjudicated in that case antagonistic to the principle we now decide, to wit: that a promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication in bankruptcy and before his discharge, will not be impaired by the subsequently acquired discharge.

2. The original debt was evidenced by a note which was as follows: "Atlanta, Ga., Oct. 31st, 1898. On demand, for value received, I promise to pay to the order of L. J. Trounstain forty-four dollars ($44.00.) [Signed] W. B. Moore." The following letter was relied on as a new promise: "Savannah, 8/24/02. Mr. L. J. Trounstine, Atlanta, Ga. Dear Sir: I have your letter of the 22nd inst. I have taken the bankruptcy act in order to hold my position and to put me where I can pay some preferred creditors, you being one of them. I will give you my reason for going into bankruptcy, and I know you would have done the same thing under similar circumstances. I have been in Savannah two years. When I first came here, I went to work for the C. R. R. Was garnished there and was discharged. I then went to work for the Ocean Steamship Co., and at the end of the third month another garnishment was served on me and I was discharged. I then went to work for the S. A. L., and only last week a second garnishment was served on me; the privilege of quitting or going into bankruptcy. I did not care to be thrown again with nothing in sight to support my wife and child. I did just what any other sensible man would have done. I tried to keep you out of it, but was informed that I was on oath to include everybody. No, Mr. Trounstine, the step I have taken is not to elude the payment of one dollar that I owe. You will be paid some time in the near future. You did me a favor in the hour of need, and I appreciated it more than words can express; and if I keep my health, as God is my judge, you shall be paid in the near future. I have insurance on my life for $2000, and I have

requested in the policy that in case of death L. J. Trounstine, of Atlanta, Ga., shall be paid $44.00 and interest. Now does this look like I am trying to defraud you? Just keep quiet until I get my final discharge, which will be about five to seven months, and I will make you a desperate effort to pay you something on the note. Again assuring you of my sincerity, and with best regard for yourself and the A. P. Co., I am [Signed] W. B. Moore, 217 Perry St." The effect of a discharge in bankruptcy is to extinguish the debt, and a promise by the debtor to revive the discharged debt must be clear, express, distinct, unequivocal, and without qualification or condition, before it will be enforceable against him. 5 Cyc. 408, and cases cited in the note. It only remains to inquire whether the letter meets these requirements. The most striking passage from the letter which is insisted on as raising a promise to pay is the phrase: "You will be paid some time in the near future." How, by whom and when paid? Later on the debtor asserts, "if I keep my health, as God is my judge, you shall be paid in the near future. I have insurance on my life for $2000, and I have requested in the policy that in case of death L. J. Trounstine, of Atlanta, Ga., shall be paid $44.00 and interest." Here is the only acknowledgment of any definite sum, and the statement is that the debtor had requested in his policy of insurance that, in case of death, the creditor should be paid this sum of $44.00. This amount of money, according to the context, was to be paid out of the insurance policy by the insurance company. Certainly the debtor does not promise absolutely and at all events to pay the precise sum of $44.00 to the creditor. With regard to the expression, "you shall be paid in the near future," when considered in connection with the other statements in the letter, they sound more like the language of prophecy than of binding obligation. The debtor predicts, but does not promise, that the creditor will be paid. The letter shows that the prediction is founded on two contingencies,—the keeping of his health, or, in the event of death, payment by the insurance company. When construed as a whole, we can not say that the letter constitutes an absolute and unequivocal promise to pay the debt, so as to revive it as a superior claim to the discharge in bankruptcy. The most that the debtor obligates himself to do is to make "a desperate effort to pay [the creditor] something on the note," provided the latter will "just keep quiet" until the former can get his

final discharge in bankruptcy, which he expects to be able to do in about five to seven months.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*