## SHUMATE v. RYAN.

1. When an action is brought upon a debt, and the defendant pleads a discharge in bankruptcy, the plaintiff may amend his petition by alleging a new promise to pay, made after the adjudication in bankruptcy and before the suit on the debt was brought.

2. There being no conflict in the testimony upon any material issue, and the evidence demanding a finding in favor of the plaintiff, there was no error in directing a verdict accordingly.

. Argued May 28,—Decided December 24, 1906.

Appeal. Before Judge Pendleton. Fulton superior court. November 3, 1905.

Ryan brought suit against Shumate on a contract, and to avoid the effect of a plea of a discharge in bankruptcy, which was filed by said defendant, the plaintiff was allowed to amend his petition by alleging a new promise to pay, made since the adjudication in bankruptcy and before the suit on the contract was brought. The defendant objected to the allowance of said amendment, on the ground that "it set up a new cause of action." The order overruling this objection and allowing the amendment constitute the principal assignment of error. The other assignments are upon the admission of evidence in support of the amendment, and the direction of a verdict for the plaintiff.

*Green, Tilson & McKinney,* for plaintiff in error.

*R. B. Blackburn,* contra.

BECK, J. (After stating the facts.)

1. In *Martin* v. *Broach, 6 Ga.* 21, it was ruled that "A promise to pay a debt barred by the statute constitutes a new cause of action, which a party seeking to avail himself of must declare upon in the words in which it was made, or according to its legal effect. The old debt is regarded as the consideration which supports the promise; and in declaring, must be set out as the inducement to it." But in *Beard* v. *Simmons, 9 Ga.* 4, it was held that "Where a promissory note is declared upon, which on its face is barred by the statute of limitations, and the defendant pleads the statute, the plaintiff may, under our judicial system and practice, amend his declaration by alleging a new promise by the defendant, so as to prevent the operation of the statute." Whether or not there was an irreconcilable conflict between these two cases and others following them it is not necessary here to discuss. Since the adoption of the code we have a statute on the subject, and must decide the question under consideration in the light of that statute and the decisions rendered since its adoption.

The Civil Code, § 3790, provides that "A new promise revives or extends the original liability; it does not create a new one." The language of this section seems clearly to recognize the doctrine that the statute of limitations does not extinguish the debt, but only bars the remedy; and that the effect of the new promise is to take the old one out of the operation of the statute. The old debt, by virtue of the new promise, is revived and the remedy thereon restored. See *Comer* v. *Allen, 72 Ga.* 14; *Vines* v. *Tift, 79 Ga.* 301; 5 Cyc. 410. The plea of discharge in bankruptcy, like the bar of the statute of limitations, is purely a matter of defense, which may or may not be pleaded. "There can scarcely be a doubt that bankruptcy as a defense may be waived; and no reason occurs to us why forbearing to present it at the proper time and in the proper manner should not be deemed a waiver." *Laramore* v. *McKinzie, 60 Ga.* 533. See also *Smith* v. *Cook, 71 Ga.* 705. When the plaintiff brings his action upon the original debt, he presents a prima facie case—a good cause of action. It is not his duty to anticipate the defendant's plea, or to make a defense for him, and if the defendant manifests his intention to plead the discharge in

bankruptcy, it clearly appears, both upon principle and authority, that the plaintiff should be permitted to meet the same by appropriate pleadings, showing that the original debt has been "revived or extended." Brandenburg on Bankruptcy (3d ed.), 257.

2. There were no conflicts in the evidence, and the direction of a verdict for plaintiff was not error.

*Judgment affirmed. All the Justices concur.*