## 362. MEINHARD, SCHAUL & CO. *v.* FOLSOM BROTHERS.

1. There was no error in sustaining the demurrer. The discharge in bankruptcy dissolved the copartnership, and the allegations of the petition did not set up an obligation of all the partners by name, each for himself assuming liability. It can not be assumed from the allegations of the petition that each member of the former firm entered into a new agreement, and it would be without the scope of a new partnership (even if it can be assumed from the allegations of the petition that a new partnership was formed) to bind such partnership for the payment of debts of a former partnership which had been dissolved by operation of law.

2. The provisions of rules six and thirty-two of the rules of this court are applicable no less to written argument than to oral. Personal remarks discourteous to opposing counsel are strictly prohibited, and violations of this rule will not be permitted.

Complaint, from city court of Moultrie—Judge Shipp. December 5, 1906.

Submitted May 14,—Decided December 20, 1907.

*T. H. Parker,* for plaintiffs.   *J. A. Wilkes,* for defendants.

RUSSELL, J. The plaintiffs in error filed a petition against Folsom Brothers as a partnership, to recover the sum of $200, which they alleged was due to them on an oral promise made December 12, 1905. The defendants had been adjudged bankrupts on a voluntary petition. A composition proposed by them was confirmed by his honor Judge Emory Speer of the southern district of Georgia, on the same day that the promise to pay the $200 is alleged to have been made. Attached to the petition, as a part thereof, is a statement of account evidencing a prior indebtedness by the defendants to the plaintiffs and the receipt of a payment thereon, dated January 6, 1906. The petition contained two counts

identical in their statements, except that in the first count it is alleged that the promise to pay the $200 was made prior to the withdrawal of the objections filed by plaintiffs to the confirmation of the composition, and that the plaintiffs, accepting the proposition of defendants, withdrew their objections. In the second count the promise to pay the $200 is alleged to have been freely and voluntarily made after the plaintiffs had withdrawn their objections. With this statement, the points in issue will be plainly presented by a reference to either count of the petition. The second count is as follows: "And your petitioners further charge and allege, that Folsom Brothers is a firm composed of A. H. Folsom, N. W. Folsom, and I. M. Folsom, all and each of whom are resident of said county. That on May 19th, 1905, petitioners sold and delivered to the defendants merchandise amounting to $585.60, payable Sept. 1st, 1905, as shown by statement of account thereto attached. That in July, 1905, the defendants and each of them were, in the U. S. District Court for the Southern District of Georgia, adjudicated bankrupts upon their voluntary petition for that purpose. That during the progress of said bankruptcy proceedings said bankrupts made a proposition of composition, whereby they proposed to pay their creditors 20 per cent. of their indebtedness, which proposition of composition was accepted by all of the creditors of said bankrupt, except your petitioners. On Dec. 11, 1905, petitioners filed their objections to the confirmation of said proposed composition, in the clerk's office of the U. S. District Court for the Southern District of Georgia. Defendants promised petitioners that if petitioners would withdraw the objections to the confirmation of composition, which petitioners had filed, as shown, that they, the defendants, would pay petitioners the sum of $200.00 with interest thereon at the rate of 8% per annum from that date, and this sum to be in addition to the 20% offered to all the creditors. Petitioners accepted said proposition and withdrew their objections to the confirmation of the composition, upon which being done the judge of the U. S. District Court for the Southern District of Georgia signed an order confirming said composition. Said proposition by the defendants to pay petitioners an additional sum of $200, with 8% interest thereon from date, was made and accepted in the forenoon of the 12th day of December, 1905. The objections to the confirmation of the composi-

tion were withdrawn by petitioners in the forenoon of the 12th day of December, 1905. After said objections to said proposed composition had been withdrawn by petitioners, to wit, during the afternoon of Dec. 12, 1905, the defendants promised to pay the petitioners the sum of $200.00 with interest thereon in settlement of the balance of their account. Said promise by said defendants was made freely and voluntarily, without restrictions or conditions affixed or incident thereto, and after said objections to said composition had been withdrawn and said withdrawal filed in the office of the clerk of the U. S. District Court for the Southern District of Georgia. Defendants, and each of them, fail and refuse to pay petitioners said sum of $200.00 with interest thereon."

The defendants demurred generally to the petition, as setting forth no cause of action, and by amendment further demurred as follows:   (1) "The said petition fails to set forth when said money was to be paid."   (2) "The contract was indefinite and not specific enough to be capable of enforcement."   (3) "The petition fails to show that the bankruptcy proceedings did not dissolve the previously existing copartnership of the defendants."   (4) "There is no specific allegation in said petition set forth, that the said partnership is now in existence, or that the same was not lawfully dissolved by said bankruptcy proceedings." In response to the demurrer the plaintiffs amended their petition by alleging that the $200 promised to them by the defendants was to become due, $100 on April 12, 1906, and the other $100 on August 12, 1906; and by alleging that the bankruptcy proceedings did not dissolve the partnership existing at the time of said adjudication of bankruptcy, but, on the contrary, each of said partners signed a joint contract borrowing the money with which to pay said 20% in composition, and immediately and continuously thereafter continued to do business as partners under the same name and style as before. Upon the hearing on the demurrer the court sustained the same and dismissed the petition as amended, with a proviso in the order of the court that the judgment is not to be a bar against the plaintiffs suing any of the individuals composing the firm of Folsom Brothers as may have revived the debt as to himself, if there be any.

The pivotal question in this case is whether the bankruptcy proceedings dissolved the partnership. If they did not, and the allega-

tion that the promise was made voluntarily by all the partners after the discharge is sustained, the plaintiffs might recover, if the contract was in writing.  Acts 1905, p. 101.  If the proceedings in bankruptcy dissolved the partnership, then the promise made by one of the partners, after the confirmation of the composition, could in no event bind his copartners.  We state the proposition thus, because the promise to pay the $200, if made before the discharge effected by the confirmation of the composition, is worthless in any event.  The promise, if made, as alleged in the petition, before the discharge, was void because contrary to public policy and fraudulent.

When the United States court has before it the question of confirming a composition, it is presumed to have before it the only offer which has been made by the debtor, and that there are no propositions, conditions, or underground dealings hidden from the court.  Were the contrary true, the court would never know when it was proper and just to confirm a composition.  Justice, which is sometimes pictured as being blind, but which is always impartial, instead of being upon solid ground, would at any time be likely to topple and fall into the subterranean depths of private contrivances which would be neither just to the creditor nor reputable to the court.  Great stress is laid by counsel for plaintiffs and defendants respectively on the point of time when the plaintiffs received the 20% from the composition.  Counsel for defendants in error is in error in stating that the plaintiffs had accepted the composition and had the composition money in their pockets at the time of their objections to the composition.  The record confirms the statement of the counsel for plaintiffs in error that the alleged promise was made on December 12, 1905, and the plaintiffs' portion of the proceeds of the composition, as shown by the statement of account attached to the petition, was paid to them January 6, 1906, following.  This point, as well as some others which are the occasion of much unseemly acrimony in the briefs, we deem wholly immaterial.  Counsel for both parties, so far as results are concerned, could well have afforded to have argued the case in a manner more respectful to the dignity of this court and in accordance with its rules.  We forbear at this time to take further notice of the highly improper personal allusions on the part of each counsel with reference to the other, other than

to award it our severest censure. We desire it to be understood, however, that this court possesses the power to compel argument whether oral or in writing, to be had according to the rules of orderly procedure, and that, however disagreeable it may be (for we are not concerned, except to regret animosities, with the personal relations of members of the bar), that the rules upon this subject will hereafter be strictly enforced.

It does not appear that there was. any consideration for the promise of Folsom Brothers to pay Meinhard, Schaul & Company the $200. If the promise was made before the final discharge effected by the confirmation of composition, the transaction is outlawed for the reasons we have stated, and the consideration avoided. Nor does it appear that the promise, if voluntarily made after the discharge, was in writing. An individual debt can be revived by a subsequent promise. The consideration is found in the fact that the debtor had, at a time previous, owed the creditor a just indebtedness. But in the present case, according to the allegations of the petition, a partnership debt is sought to be revived. That an individual partner can revive his obligation for a partnership indebtedness has been held in *Weatherly* v. *Hardman,* 68 *Ga.* 592; but it is not within the power of an individual member of a partnership to place upon the firm a liability for a pre-existing debt from which the partnership has been absolved, unless it is specifically alleged that he was specially authorized so to do. Each individual constituting the partnership is the keeper of his own conscience, and can only revive debts so as to bind himself. As we have heretofore stated, then, there is really only one question in the case,—whether the proceedings in bankruptcy dissolved the partnership. If they did, the judgment of the court in sustaining the demurrer was unquestionably right. If they did not, then whether the judgment of the court was right or wrong will depend upon the question whether the demurrer was specific enough to reach the point. It appears to us that the petition did not set up sufficient ground for the revival of the partnership liability by specifically setting up that all of the members of the partnership personally promised to pay the $200, or that one of them, with special definite authority for that purpose from his copartners, revived the obligation.

The demurrer is called a general demurrer. As pointed out in

*Douglas, Augusta & Gulf R. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600), a demurrer is general or special, not alone with reference to its scope, but according to its nature and quality of being general or specific in attack.  The demurrer in this instance is general because it does not put its finger on the point, so as to suggest the necessary amendment.  In order to have reached the point that there was no allegation that the members of the partnership had each for himself revived his individual liability by personal promise or had authorized some particular individual in a legal manner to revive his individual liability, the demurrer should have called special attention thereto.  The demurrer, therefore, is not sufficiently specific to allege the point; and if the bankruptcy proceedings do not dissolve the partnership, the judgment of the court was wrong. We think, however, that the judgment was right, because the bankruptcy proceedings totally dissolve the partnership, and therefore the general demurrer was sufficient to reach the point in the case. The allegations of the petition, taken as a whole, could not resist the general demurrer, because it alleges, either the obligation of a partnership to pay an indebtedness in order to procure the dismissal of objections to the confirmation of the composition—which would be fraudulent, or it alleges a promise to revive a partnership indebtedness without alleging that each and all of the partners, by name and in person or by authorized agent, for himself assumed liability,—which is insufficient.  The partnership being dissolved by bankruptcy, a new promise should have been pleaded fully and in detail.  22 Am. & Eng. Enc. Law (2d ed.), 202.  It can not be assumed from the allegations of the petition that each member of the firm of Folsom Brothers entered into a new agreement, and it would be entirely without the scope of the new partnership, even if such existed, to bind the partnership for the payment of debts of another partnership which had been dissolved by operation of law.

The decision in *Moore* v. *Trounstine,* 126 *Ga.* 116 (54 S. E. 810), is not in point; for one reason, because the present case involves the revival of a partnership indebtedness.  It is true that "a promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge."  But it is also held in the *Trounstine* case that "the ef-

fect of discharge in bankruptcy is to extinguish the debt; and a
promise by the debtor to revive the discharged debt must be clear,
express, distinct, unequivocal, and without qualification or condi-
tion, before it will be enforceable against him." The promise al-
leged in the petition in this case, so far as the individuals compos-
ing the original partnership of Folsom Brothers is concerned (even
if such promise can be legally binding on a new partnership), inas-
much as it is not alleged that each individual made the promise,
is not sufficiently clear or distinct to raise liability.

There was no error in the judgment of the lower court.

*Judgment affirmed.*