8066.  BANK OF ELBERTON *v.* VICKERY.

JENKINS, J. 1. "A promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge," as the discharge relates back to the adjudication in bankruptcy, and the effect of such a promise to pay a debt provable in bankruptcy is to renew the obligation. *Moore* v. *Trounstine*, 126 *Ga.* 116 (54 S. E. 810, 7 Ann. Cas. 971) ; *Dicks* v. *Andrews*, 132 *Ga.* 601 64 S. E. 788, 16 Ann. Cas. 1070) ; 7 Corpus Juris, 413.

2. The provisions of section 4384 of the Civil Code of 1910, that "no promise made after discharge in bankruptcy to pay a debt provable in bankruptcy, and from the liablity of which the debtor was discharged, shall be valid or binding upon such debtor or promisor unless the same shall have been made in writing, signed by the party making the same, or to be charged therewith, or by some one by him duly authorized," must be construed to include such a promise to renew made subsequent to the adjudication but before formal discharge, for the same reason that

the discharge of the bankrupt relates back to the adjudication in bankruptcy. See also *Shumate* v. *Williams*, 34 *Ga.* 245, 248, 251.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED MAY 11, 1917.

Complaint; from Elbert superior court—Judge Worley. March 13, 1916.

*George C. Grogan,* for plaintiff in error. *S. C. Upson,* contra.