10845. MUSE v. THE STATE.

BLOODWORTH, J. 1. "Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial complaining of the admission of testimony must be complete within itself, and not such as to require the reviewing court to refer to the brief of evidence or other parts of the record in order to determine the question of the admissibility of the testimony. A ground of a motion for a new trial which complains of the admission of certain specified testimony upon the trial of the case must state the name of the witness whose testimony is complained of." *Peeples* v. *Butler*, 21 *Ga. App.* 310 (94 S. E. 278). Under the above ruling the special ground of the motion for new trial cannot be considered by this court, because to do so it would be necessary to refer to the brief of evidence and ascertain (*a*) the name of the witness whose evidence is objected to and that he is the only witness in the case; (*b*) when, where, and in whose possession was found the whisky referred to; (*c*) what sheriff was referred to, and what actually occurred when the defendant, as alleged, was "made to produce the key from his pocket and open the trunk himself"; (*d*) whose trunk was referred to, and what connection, if any, it had with the whisky.

2. The verdict was authorized by the evidence, and is approved by the trial judge.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.

DECIDED NOVEMBER 7, 1919. REHEARING DENIED DECEMBER 9, 1919.

Accusation of possession of intoxicating liquor; from city court of Valdosta—Judge Cranford. August 8. 1919.

The only testimony at the trial was that of the sheriff, H. M. Passmore. He testified that he searched the house of Chicken Muse, the defendant, and found there a locked trunk, which he asked the defendant to open; that the defendant "took his keys

out" and unlocked the trunk, and nearly six pints of whisky and about two thirds of a bottle of "shine" were found in it; that the only statement that the defendant made about the liquor was that "a fellow left it there;" he was asked but did not tell who left it there. The only ground of the motion for a new trial other than the general grounds was that the court illegally admitted, over objection of counsel for the defendant, "the following material evidence, to wit:" setting out the testimony that the whisky was found in the trunk; to which testimony the defendant objected on the ground that he was ordered by the sheriff to open the trunk, and was thereby compelled to give evidence tending to criminate himself.

In the motion for a rehearing it was contended that the ruling quoted in the decision should not be applied where the only evidence in the brief of the evidence is the testimony of one witness and it is very brief.

*James M. Johnson,* for plaintiff in error.

*J. B. Copeland, solicitor,* contra.