12333. BEASLEY *v.* PADGETT, administrator.

STEPHENS, J. 1. A certificate to a bill of exceptions which was signed by the trial judge on March 8, 1921, one day after the expiration of the last day for presentation of the bill of exceptions for certification, and which contains the following memorandum inserted by the judge: "This bill of exceptions was received at the post-office at Claxton on March 7th, but could not be certified and signed until this date, for the reason that the judge of the court was absent from attending a session of superior court of Long county," might, in the absence of anything in the record to show that Claxton was the home of the trial judge, be insufficient to make the certification valid under section 6155 of the Civil Code (1910), which provides that "if the judge is absent from home, or by other casualty fails to certify the bill of exceptions within the time specified (and without fault of the party tendering), he may still sign and certify as soon as possible, which shall be held and deemed valid," yet where the bill of exceptions recites that it was presented to the trial judge within the time allowed by law, the recital will be construed as a statement of fact that the presentation of the bill of exceptions in the manner in which it was made (in the absence of anything in the record to show that Claxton was not the home of the trial judge) was such a presentation to the trial judge as is required by law and which must necessarily, in order to be valid and within the time allowed by law, be at the home of the trial judge.

2. Where a statute makes a writing necessary to the validity of a matter, such as a promise by a bankrupt to pay a debt discharged in bankruptcy (Ga. L. 1905, p. 101 Civil Code of 1910, § 4384), which before the enactment of the statute was not invalid if in parol (*Ross* v. *Jordan,* 62 *Ga.* 298), it is not necessary, in pleading such matter, to allege that it was in writing. *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 661, 664 (30 S. E. 566, 68 Am. St. Rep. 136); Stephen on Pleading, *374.

(*a*) Where a defendant has pleaded a discharge in bankruptcy as a de-

fense, an amendment offered by the plaintiff, to the petition, alleging a promise by the defendant to the plaintiff to pay the indebtedness sued on, thus taking the debt without the operation of the discharge, is not subject to the objection that the amendment contains no allegation that the alleged promise by the defendant to pay the debt dischargeable in bankruptcy was in writing.

3. "A promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge." *Moore* v. *Trounstine*, 126 *Ga.* 116 (54 S. E. 810, 7 Ann. Cas. 971).

4. "When an action is brought upon a debt, and the defendant pleads a discharge in bankruptcy, the plaintiff may amend his petition by alleging a new promise to pay, made after the adjudication in bankruptcy, and before the suit on the debt was brought." *Shumate* v. *Ryan*, 127 *Ga.* 118 (56 S. E. 103).

5. The judge of the city court erred in rejecting the amendment offered by the plaintiff, and in thereafter directing a verdict for the defendant; and the judge of the superior court properly sustained the certiorari.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 2, 1922.

Certiorari; from Tattnall superior court — Judge Sheppard. February 5, 1921.

*Elders & DeLoach,* for plaintiff in error.

*A. S. Way,* contra.