19437.   CAMERON *v.* MEADOR-PASLEY COMPANY.

DECIDED MAY 15, 1929.

*C. W. Foy,* for plaintiff in error.   *Homer Beeland,* contra.

BELL, J.   Meador-Pasley Company, payee, brought suit against M. R. Cameron, maker, upon a note, to which the defendant filed a plea of usury and payment.   Certain of the allegations relating to usury were stricken on demurrer, and after final judgment in favor of the plaintiff the defendant brought the case to this court.

The defendant, who, as a merchant, had been adjudicated a bankrupt, desired that the plaintiff and another of his old creditors should lend him a sufficient amount of money to purchase from the trustee the stock of merchandise of which he was the owner at the time of his bankruptcy.   The plaintiff and the other creditor agreed to lend the money, provided the defendant would give notes for the loans advanced by each respectively and would include therein the old indebtedness to each as listed in his petition in bankruptcy.   This was assented to, and the agreements were executed accordingly.   When sued for an unpaid balance of the note which he gave to the plaintiff, the defendant contended that the note was usurious in so far as it included the amount which he had owed to the plaintiff at his adjudication as a bankrupt.

There was no merit in this contention. "Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." Civil Code (1910), § 3427. "It shall not be lawful for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Civil Code (1910), § 3436. The defendant's promise to pay the bankrupt debt did not constitute usury within the meaning of the law. The debt was an existing one, and this would have been true even though the defendant had received a discharge in bankruptcy, as to which the plea is silent. The promise with reference to such indebtedness was merely to extend the original liability, and not to create a new one. A promise to pay a debt which has been discharged in bankruptcy is alone a sufficient consideration for a promissory note by the debtor for the amount thereof. *Weatherly* v. *Hardman,* 68 *Ga.* 592 (1); *Monroe* v. *Martin,* 137 *Ga.* 262 (73 S. E. 341); Civil Code (1910), § 4386. A promise by a debtor made after his adjudication as a bankrupt, but before his discharge, to pay a previously existing debt is not impaired by his subsequent discharge. *Moore* v. *Trounstine,* 126 *Ga.* 116 (54 S. E. 810, 7 Ann. Cas. 971); *Dicks* v. *Andrews,* 132 *Ga.* 601 (64 S. E. 788, 16 Ann. Cas. 1070).

Since the defendant's promise to pay the antecedent debt had a full and complete consideration in the debt itself, it could not be said that the making of such promise was an addition to the interest upon the loan, the amount of which also was included in the note. The lending of the money by the plaintiff furnished a motive for the defendant's act in giving the new promise, and in like manner the giving of such promise furnished the motive for the act of the plaintiff in making the loan, but it would be stretching the usury laws to an unreasonable length to hold that an otherwise valid loan of money is infected with usury merely because it is made upon condition that the borrower will revive an antecedent obligation, whose only infirmity is that for some reason, not illegal, it has become unenforceable; but, as we have said, the prior obligation in this case does not appear even to have be-

come unenforceable, no discharge in bankruptcy having been obtained. See further, in this connection, *Bank of Elberton* v. *Vickery,* 20 *Ga. App.* 96 (92 S. E. 547); *Fairmont Creamery Co.* v. *Collier,* 21 *Ga. App.* 87, 90 (94 S. E. 56); *Beasley* v. *Padgett,* 28 *Ga. App.* 268 (4) (110 S. E. 739); *Shumate* v. *Ryan,* 127 *Ga.* 118 (56 S. E. 103).

The present case is to be distinguished from such cases as *Bishop* v. *Exchange Bank,* 114 *Ga.* 962 (2) (41 S. E. 43), *Winder National Bank* v. *Graham,* 38 *Ga. App.* 552 (144 S. E. 357), and *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (1, 2) (132 S. E. 221). In the first two of these cases the exaction was of something as to which the promisor had no obligation,—as the payment of a debt of a third person,—and in the third case the question was whether the provision of the contract relating to services to be performed was a scheme or device to evade the laws against usury.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*