23195. OGLESBY *v.* TRUST COMPANY OF GEORGIA, executor.

DECIDED OCTOBER 21, 1933.

*William S. Shelfer,* for plaintiff in error.

SUTTON, J. On November 1, 1930, defendant entered into a lease contract with the plaintiff executor. He paid no part of the rental called for in the lease, and on February 18, 1932, the plaintiff brought suit against him in the municipal court of Atlanta, to recover the same, which amounted to $120. The defendant pleaded bankruptcy, setting up that on October 30, 1931, he was adjudicated a bankrupt, that the amount due the plaintiff under the lease was duly scheduled, and that on January 30, 1932, he was discharged as a bankrupt. From the evidence it appeared that on November 25, 1931, the defendant made an oral promise to pay this indebtedness to an agent of the plaintiff named McCullough, and that, pursuant to this promise, he gave to this agent the following writings signed by him, directed to his employer: "Mr. Long: Please pay to Mr. L. L. McCullough $30.00 out of my December

salary, and oblige. . . On or before January 20 pay $30.00, and on or before February 20, $30, and on or before March 20, 1932, $30.00." The case was tried before a judge of said court without the intervention of a jury, and a judgment was rendered in favor of the plaintiff. The defendant excepts to the refusal of his motion for a new trial. *Held:*

1. "No promise made after discharge in bankruptcy to pay a debt provable in bankruptcy, and from the liability of which the debtor was discharged, shall be valid or binding upon such debtor or promisor unless the same shall have been made in writing, signed by the party making the same, or to be charged therewith, or by some one by him duly authorized." Civil Code (1910), § 4484.

2. While a promise by a debtor, made after his adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge, as the discharge relates back to the adjudication (*Dicks* v. *Andrews*, 132 *Ga.* 601, 64 S. E. 788, 15 Ann. Cas. 1070 ; *Bank* v. *Vickery*, 20 *Ga. App.* 96, 92 S. E. 547), the promise must be clear, express, distinct, unequivocal, and without qualification or condition, before it will be enforceable against the bankrupt. *Moore* v. *Trounstine*, 126 *Ga.* 116 (54 S. E. 810, 7 Ann. Cas. 971).

3. Bankruptcy of a debtor does not extinguish the debt, but merely operates as a bar to an action thereon. *Fairmont Creamery Co.* v. *Collier*, 21 *Ga. App.* 87, 91 (94 S. E. 56). In order to revive a debt barred by the statute of limitations by a new promise (Civil Code (1910), § 4383), the new promise must so plainly and clearly refer to or describe the very debt in question as to identify it with reasonable certainty. *Gartrell* v. *Linn*, 79 *Ga.* 700 (4 S. E. 918) ; *Paille* v. *Plant*, 109 *Ga.* 247 (34 S. E. 274) ; *Hughes* v. *Treadaway*, 116 *Ga.* 663 (42 S. E. 1035). By parity of reasoning, the principle in these decisions applies to a debt barred by bankruptcy. See *Shumate* v. *Ryan*, 127 *Ga.* 118 (56 S. E. 103).

4. The writings here involved do not refer to, describe, or in any way identify the debt in question. In fact they are orders to pay money, not to the executor, but to a different person, one Mc-Cullough, who, the evidence shows, was an agent of the executor. It necessarily follows that the trial judge erred in rendering judgment for the plaintiff, and that the superior court erred in overruling defendant's petition for certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*