27102. KERAMIDAS *v.* RUSCH.

DECIDED NOVEMBER 2, 1938.

*Howard & Brackett,* for plaintiff in error.

*O. L. Hathcock, Weyman Cobb, E. A. Wright,* contra.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for new trial must be complete and understandable within itself; and where, in order to understand the ground and the complaint therein made, it is necessary for the reviewing court to refer to any other ground of the motion, or to the pleadings, or to the brief of the evidence, or to any other part of the record, the ground can not be considered. Applying this ruling to the amendment to the motion for new trial in this case, special grounds 1, 6, 7, and 10 are too incomplete to be considered by this court.

2. It is well settled by numerous rulings of the Supreme Court and of this court that a ground of a motion for new trial complaining of the admission of documentary evidence can not be considered by the reviewing court where the evidence is not set forth in the ground or attached thereto as an exhibit. Under this ruling, special grounds 2 and 3 of the motion for new trial can not be considered by this court.

3. The excerpts from the charge of the court, complained of, when considered in the light of the entire charge and the facts of the case, disclose no reversible error.

4. The admission of several canceled personal checks, given by the plaintiff, to prove certain items of the account sued on, was not error. Although the checks failed to show on their faces what accounts they were given to pay they were identified by the plaintiff as checks given by him in payment of items of the account sued on. "Where checks are given in payment for material necessary for certain work, and the cost of the work must be shown, the checks, when properly identified, are admissible as a part of the evidence to show the cost of the work." *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (5) (92 S. E. 28).

5. The remaining assignments of error fail to show cause for reversal.

6. This is an action by the plaintiff for a money judgment against the defendant, based on a written agreement entered into by them dissolving a partnership theretofore existing between them. The parties had previously executed a contract of partnership, the provisions of which were different from those of the subsequent agreement. However, the latter agreement was founded on a new consideration, and amounted to a satisfaction of the former contract. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1201. The verdict in favor of the plaintiff was authorized by the evidence; and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*