27935. COGGINS *v.* THE STATE.

GUERRY, J. 1. Where, in an accusation in the city court of a named county, the State charges that on a designated date the accused "did on the day and date aforesaid sell and barter for a valuable consideration a certain quantity of intoxicating whisky," the accusation is not subject to demurrer for failure to allege the name of the person to whom the whisky was sold, or the quantity or the consideration; nor is it lacking in sufficient definiteness to put the accused on notice of the offense charged, in order that a proper defense may be prepared. "In an indictment charging a violation of the State prohibition law, it is not necessary, so far as an alleged sale is concerned, to set out the facts as to the person to whom the liquor was sold, how much of the same was sold, or of what the valuable consideration for which it was sold consisted." *Hall* v. *State,* 8 *Ga. App.* 747 (2) (70 S. E. 211). See *Grimes* v. *State,* 32 *Ga. App.* 541 (123 S. E. 918).

2. The remaining assignments of error, except those based on general grounds, are too incomplete for consideration, it appearing that each assignment merely complains, without setting forth the testimony relative thereto, that the court erred in overruling the objections of the accused to the testimony of certain witnesses, naming them. See *Muse* v. *State,* 24 *Ga. App.* 427 (101 S. E. 198); *Keramidas* v. *Rusch,* 58 *Ga. App.* 615 (199 S. E. 590).

3. The evidence supported the verdict. The court did not err in overruling the certiorari.
 *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*
 DECIDED JANUARY 18, 1940.

*E. C. Brannon, J. C. Wayne,* for plaintiff in error.
*E. O. Dobbs Jr., solicitor, Frank Simpson, solicitor-general, Claude Shaw,* contra.