35792, 35793.   BURCH *v.* RAGAN *et al.;* and *vice versa.*

DECIDED SEPTEMBER 22, 1955.

*Will Ed Smith,* for plaintiff in error.

*Hal M. Smith, D. D. Smith,* contra.

TOWNSEND, J. ■ The rulings on demurrer, which are assigned as error in the cross-bill of exceptions, will be dealt with first for the sake of continuity, as the case is being reversed on the main bill, and the parties will be referred to as they appeared in the trial court. Counsel for the defendants states that "the only question for decision in this cross-bill of exceptions is whether or not the well-pleaded facts of the petition as amended set out a cause of action," and that "a proper construction of the covenant contained in this deed demands a judgment sustaining the general demurrer for the reason there is a covenant restricting the property and its use solely for residential perposes."

The petition alleges that the petitioner purchased from the defendants or their predecessors in title a certain described city lot, the deed to which contained the following covenant: "Party of the second part, for herself, her heirs and assigns, agrees that the above described property shall be used solely for residential purposes. It is agreed and understood, however, that this covenant shall be considered fully satisfied and complied with, when party of the second part erects on said premises a structure for residential purposes"; that the property in question is zoned for business or residential purposes; that the petitioner has fully satisfied and complied with said covenant by erecting on said premises a structure which has been used and is being used for residential purposes; that she contends this act has satisfied the said covenant, which the defendants deny; that the defendants are informing the public that said property cannot be used for other than residential purposes; that the petitioner leased the said property to one Stuart Duggan for business purposes at a monthly rental of $100 per month, with an option to purchase, Duggan proposing to construct and operate a business enterprise on said property, but such lease was rescinded because of the defendants' wrongful assertion that the property could not be used for business purposes; that, because of the fact that this covenant appears of record, and the acts of the defendants, the

petitioner is unable to sell or lease her land for business purposes; that it would be exceedingly dangerous for her to proceed herself, expending $20,000 or other large sums, to construct a building for business purposes in the face of threatened injunction proceedings by the defendants; that an actual controversy exists, for which reason the petitioner prays that the court enter a judgment declaring the petitioner's rights in the matter and finding that the restrictive covenant in the deed be determined to have been fully satisfied and complied with.

The cardinal rule of construction of contracts is to determine the intention of the parties thereto, and that construction will be favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained. *Atlanta, Knoxville &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (NS) 436, 110 Am. St. R. 215); *Dooley* v. *Savannah Bank & Trust Co.,* 199 *Ga.* 353 (34 S. E. 2d 522); *Simpson* v. *Brown,* 162 *Ga.* 529 (134 S. E. 161, 47 A. L. R. 865). The first sentence of the covenant, to the effect that the grantee plaintiff agrees, for herself, her heirs and assigns, that "the above described property shall be used solely for residential purposes," standing alone, is a restrictive covenant running with the land that it shall not be used for business purposes. It is complete within itself and needs no further words to develop this meaning. Accordingly, the further sentence, "that this covenant shall be considered fully satisfied and complied with when party of the second part erects on said premises a structure for residential purposes," must be taken to modify and affect the meaning of the first sentence in some manner, or there is no purpose for its having been written in as a special stipulation. Cf. *Shoaf* v. *Bland,* 208 *Ga.* 709 (69 S. E. 2d 258). The word "satisfy" as defined in Black's Law Dictionary, means "to extinguish . . . by performance." A "satisfaction" of a contract or debt extinguishes, nullifies, and completely destroys the efficacy of the instrument or the indebtedness. *Keramidas* v. *Rusch,* 58 *Ga. App.* 615 (6) (199 S. E. 590); *Kent* v. *First National Bank of Atlanta,* 57 *Ga. App.* 751 (196 S. E. 103). It follows, therefore, that, when the parties to the deed, after placing therein the covenant restricting the property solely to residential purposes, further provided that this covenant would be satisfied and com-

plied with when a structure for residential purposes was erected on the land in question, the plaintiff, who alleges that such a structure has been erected, and at the same time shows that the covenant, although no longer of force and effect due to this fact, is a cloud on her title in that it prevents her from using her land in the manner in which she now has a lawful right to do, due to the acts and threats of the defendants in regard thereto, has set out a cause of action, and the trial court properly overruled the general demurrers to the petition.

■ Upon the trial of the case the evidence was to the effect that, when the plaintiff purchased the lot, which was of large dimensions, there was on the back third thereof a structure 16 by 28 feet, which had been built for a double garage with a cement floor and brick sides. It was admittedly in very bad repair, although one of the defendants testified that it was sufficiently intact to be used for storage, whereas the plaintiff testified that it was falling to pieces and could be used for nothing at all. The plaintiff repaired the cement floor of this structure, and retained and repaired by somewhat rebuilding 3 of the 4 walls, removed the roof entirely, and uses this area, which has been refinished with white clapboard, as a garage and utility room. She then caused to be erected a structure, using one of the walls of the garage, which she finished off as a living room, had a stairway installed, and over the garage and living room built living quarters composed of dining room, kitchen, bath and three bedrooms. This entire area, designated as a garage apartment, was completed in 1945 and has since been continually used for residential purposes, and will continue to be so used. The plaintiff desires to lease the front corner of the lot for the erection of a business structure thereon. Nothing, except an adverse construction of the deed covenant, would prevent her from so doing. The defendants and others have business property adjacent thereto along the same streets. The defendants do not desire further business competition along this street, and their understanding of the deed covenant was that it would prevent any business structure from ever being erected on this property.

It is the defendants' contention that the above evidence shows that the plaintiff did not "erect on said premises a structure for residential purposes," but only remodeled or converted an existing

structure, and that she has not therefore so complied with the covenant as to satisfy and extinguish the same. With this contention we do not agree. To "erect," as defined in Webster's New International Dictionary, means to "raise, build or construct." Words in deeds should be given their normal and natural significance, as in any other contract, and should be construed in the sense apparently mutually employed. *Brooks* v. *Folds,* 33 *Ga. App.* 409 (126 S. E. 554). Where a restrictive covenant in a deed is involved, the legal presumption is in favor of the free use of the property by its owner, and any doubt will be construed in favor of the grantee. *England* v. *Atkinson,* 196 *Ga.* 181 (26 S. E. 2d 431). It follows, therefore, that, since there is no disputed issue of fact in this case, and all of the testimony shows that the residential area of the structure now on the property was erected in its entirety by the grantee, even though she retained the garage area for that and utility purposes and as support for the residential structure which she erected, the evidence demands a finding in favor of the plaintiff's contention that the restrictive covenant in her deed no longer has any force or effect, and that she may, if she desires, erect business structures on other portions of her lot or sell or lease the same for such purposes.

In view of what is here held, it is unnecessary to decide the questions presented by the special assignments of error in the amended motion for a new trial, or by the motion to construe the verdict and modify the judgment. Any errors committed during the trial of the case which are here assigned as error would have no effect upon the decision here reached, which is that, under the undisputed evidence, a verdict for the plaintiff is demanded as a matter of law.

*Judgment reversed on main bill and affirmed on cross-bill of exceptions. Gardner, P. J., and Carlisle, J., concur.*