43036.   WATERS v. LANIER.

Submitted September 12, 1967—Decided October 6, 1967.

472

*Harvey & Rhodes, Leonard W. Rhodes,* for appellant.
*Donald D. Smith,* for appellee.

DEEN, Judge. ■ Subtraction of $3,500 from the amount of
the original note, $4,340.40, leaves a difference of $840.40, ad-
mitted by both parties to have been the interest charged. This
is on its face usurious, and the penalty for usury is forfeiture
of all interest. *Code* § 57-112. Subtraction of the amount of
the judgment from that of the note on which suit was brought
indicates that the trial court properly deducted therefrom the
amount of $840.40, thus disposing of the usury issue.

■ It is contended that, as the debt in question was sched-
uled in the bankruptcy proceedings, since *Code* § 3-902 provides
that a new promise to pay to be valid must be in writing, and
this has been interpreted in *Oglesby v. Trust Co. of Ga.,* 47
Ga. App. 749, 750 (171 SE 393) and *Moore v. Trounstine,* 126
Ga. 116 (54 SE 810, 7 AC 971) to mean that the new promise
"must so plainly and clearly refer to or describe the very debt
in question as to identify it with reasonable certainty," the
execution of the promissory notes, which do not in terms refer
to the debt (although for the amount of the debt and admitted
by both parties to have been executed for the purpose of paying
off the balance of that debt) are not sufficient within themselves
to amount to a new, enforceable promise to pay a debt other-
wise barred by the bankruptcy proceeding. In *Moore,* a letter
was held insufficient for the purpose because its language sounded
"more like the language of prophecy than of binding obligation";
in other words, there was no distinct promise to pay involved.
In *Oglesby,* the writing depended on, which was a salary assign-
ment addressed to a third person, in no way identified the debt,
either by amount or by name of the creditor, the assignment
flowing to the benefit of another person than the one to whom the
debt was owing. However, in *Cameron v. Meador-Pasley Co.,*
39 Ga. App. 712, 713 (148 SE 309), it was held: "A promise
to pay a debt which has been discharged in bankruptcy is alone

a sufficient consideration for a promissory note by the debtor for the amount thereof." Examination of the record in that case verifies the language of the opinion and shows that each of the promissory notes, which were to the creditors and for a sum certain, contained the balance on a debt otherwise unenforceable because of the debtor's bankruptcy. The notes did not in writing refer to the prior obligation, but all parties admitted that they were intended to do so. The circumstances of that case control here, and we conclude that, as to the specificity of the written promise to revive a debt otherwise barred by bankruptcy, when the writing is in the form of a promissory note, is made out to the creditor, is for the balance due on the debt, and there are no circumstances in the case authorizing any other conclusion, the promise is sufficiently specific to be enforceable.

■ As to the third defense, after the bankruptcy proceedings had been commenced the debtor, realizing the preferred creditor status of the plaintiff, gave him a warranty deed to the property on which he held a deed to secure debt as security for the loan which recited: "The grantor herein conveys this one-half interest in satisfaction of his individual obligation to the grantee." "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties." *Code* § 20-1201. One is bound by the recitals in a deed which he accepts when he enters into possession thereunder. *Code* § 29-102. The creditor here entered by virtue of a deed given in satisfaction of the obligation. Satisfaction is "the discharge of an obligation by paying a party what is due him (as on a mortgage, lien or contract)." Black's Law Dictionary, p. 1509. See also *Burch v. Ragan,* 92 Ga. App. 605 (89 SE2d 541).

It appears from the above that, considering only the recitals in the deed, the legal obligation of the defendant on the first note was obliterated by its execution. Did the subsequent execution of the promissory note revive the indebtedness as against this accord and satisfaction, as it did as against the discharge

in bankruptcy? As to the latter, the bankruptcy of a debtor does not extinguish the debt, but merely operates as a bar to an action thereon. *Fairmont Creamery Co. v. Collier*, 21 Ga. App. 87, 91 (94 SE 56). The accord and satisfaction, on the other hand, obliterates the debt. It was held in *Kinard v. Bank of Lenox*, 57 Ga. App. 819 (196 SE 920) as follows: "Where a borrower executes to a lender a promissory note to cover the difference between the amount of a note due the lender and a lesser amount paid to and accepted by the lender from another in full settlement of the original obligation, and the original obligation is transferred and assigned to the third party under the terms of the agreement of settlement, there is neither a good nor a valuable consideration to support the new promise in the absence of proof of a new and different consideration."

In *Kinard* the question of whether the moral obligation would alone furnish sufficient consideration for the note was sidestepped for the reason that the plaintiff was no longer the holder thereof. From what has been said above it follows that, although under *Code Ann.* § 109A-3—408 "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind" the accord and satisfaction evidenced by the warranty deed wiped out the antecedent pecuniary obligation. In so holding we are deliberately ignoring the testimony of the parties, admitted without objection, to the effect that the creditor, after receiving the deed, made the contention that the equity in the property was not sufficient to pay the debt, and the debtor, without demurring or contesting this fact, acceded by executing a note for the difference and "understood that it was a legal obligation," and that "at that time" he intended to pay it. This testimony is not considered on the question of accord and satisfaction because the quoted language in the deed is not ambiguous and the testimony is without probative value under the ruling in *Cleghorn v. Shields*, 165 Ga. 362 (2) (141 SE 55) as follows: "Parol evidence as to the terms of the agreement, and as to statements of the defendant made previously to the execution of the paper, is ineffectual to vary the terms of the written instrument, even though admitted without objection." To the

same effect see *Almon v. R. H. Macy & Co.*, 106 Ga. App. 123, 125 (126 SE2d 641): "The parol evidence rule is a matter of substantive law and no amount of oral testimony contradicting the legal consequence of a written instrument can avail to destroy or weaken that legal consequence." The obligation, as a pecuniary obligation, was at an end.

However, the consideration for a promise may be either good or valuable, and, under *Code* § 20-303, a good consideration may be founded on a strong moral obligation. Such is one supported by some antecedent legal obligation, although unenforceable at the time. *Davis & Co. v. Morgan*, 117 Ga. 504, 507 (43 SE 732, 61 LRA 148, 97 ASR 171); *Hobbs v. Clark*, 221 Ga. 558 (146 SE2d 271). Since the consideration of an instrument may always be inquired into by parol testimony, the oral testimony as to the circumstances surrounding the signing of the note on which this suit was brought may be considered, not to vary the terms of the accord and satisfaction, but to resolve the question of consideration for the instrument sued on. From this evidence it appears that the note in suit was given in exchange for a prior note in the same amount; that the note was given at a time when the collection of the debt was not legally enforceable, but with the intent that it be itself a legally enforceable obligation, and that it represent an amount still owing on the original loan. The note carries a presumption of consideration, and the evidence does not demand a finding that it was in fact nudum pactum. Accordingly, the judgment in favor of the plaintiff was proper.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*