## 58833. PEPPERS v. SIEFFERMAN.

Carley, Judge.

Appellee, plaintiff below, brought suit against appellant in two counts, seeking recovery on a promissory note and on an open account. Appellee moved for and was granted summary judgment on both counts. Appellant appeals.

1. Appellant enumerates the denial of her motion for continuance because of the absence of her lead counsel. The transcript, however, reflects that appellant was represented by counsel at the hearing and no motion for a continuance was made at that time based upon the absence of "lead" counsel. This enumeration is without merit. *Parker v. Belcher,* 87 Ga. 110 (13 SE 314) (1891); Code Ann. § 81-1413.

2. Appellant enumerates as error the denial of her motion to permit the late filing of answers to requests for admission. Appellee's request for admissions was filed on November 14, 1978. No timely response was made. Not until February 21, 1979, were appellant's answers filed, unaccompanied by a motion seeking permission for the late filing of answers or a motion seeking permission to withdraw the admissions resulting from her failure to serve her response within the time limit. *Crider v. Pepsi Cola Bottlers of Atlanta,* 142 Ga. App. 304 (2) (235 SE2d 683) (1977). It was not until May 17, 1979, the day before the scheduled hearing on the summary judgment motion, that appellant filed her motion to permit the late filing, accompanied by affidavits attempting to explain her failure to respond within the statutory time limit. The affidavits tried to demonstrate that the failure to file was

"an accidental mix-up, a pure accident." The trial court declined to allow appellant to file late answers.

A motion to allow the filing of responses to a request for admission after the statutory time for such response has passed is addressed to the discretion of the trial judge and his decision will not be interfered with unless it clearly appears that this discretion has been abused. *Taylor v. Hunnicutt,* 129 Ga. App. 314 (199 SE2d 596) (1973). The affidavits in the instant case seemingly support the contention that the failure to file may have been "accidental." However, discrepancies appear when appellant's affidavit is compared with the facts surrounding her response to the request as evidenced by the record itself. Furthermore, while the affidavits do demonstrate "neglect" in filing a timely response, they do not compel a finding that such neglect was "excusable." *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245) (1902). Under these circumstances we find no abuse of discretion by the trial judge in disallowing the filing of the late "answers" to the request for admissions and we decline to interfere. *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (213 SE2d 27) (1975).

3. We turn now to the question of whether the grant of summary judgment was proper. In Count 1 of appellee's complaint, a recovery was sought on a promissory note. As to this count, appellant raised in her answer the affirmative defense of discharge in bankruptcy. Appellee, as moving party for summary judgment, had the burden of piercing appellant's affirmative defense. *Smith v. First American Bank &c. Co.,* 139 Ga. App. 292 (228 SE2d 227) (1976); *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430 (231 SE2d 447) (1976). Appellee argues that this burden was met when appellant failed to respond to his request for admissions and thereby admitted and "conclusively established" his right to recover on the promissory note. Code Ann. § 81A-136 (b). Appellee's argument is valid only if appellant's admissions establish as a matter of law that her bankruptcy defense was not a bar to recovery. Cf. *Drummond v. Brown,* 149 Ga. App. 248 (253 SE2d 868) (1979). By failing to timely answer the requests for admission, appellant "admitted" that her signature on the

note was genuine and that the balance owing on the note was some $14,684.11. However, that appellant signed the note and admitted the debt was "owing," without more, does not pierce a bankruptcy defense to appellee's right to recover thereon. Bankruptcy of a debtor does not extinguish the debt, but merely operates as a bar to an action thereon. "While many courts and legislative bodies refer to a debt, from the liability of which the debtor has been discharged in bankruptcy, as having been extinguished, such expressions are not exact and literally correct, since the discharge, strictly speaking, only operates as a bar to an action on the debt, and thus goes merely to the remedy." *Fairmont Creamery Co. v. Collier,* 21 Ga. App. 87, 90 (94 SE 56) (1917). See *Oglesby v. Trust Co. of Ga.,* 47 Ga. App. 749 (171 SE 393) (1933).

Appellee also contends that the admissions establish that the appellant "reassumed" the debt evidenced by the note after the discharge thereof in the bankruptcy. First, appellee relies upon an admission that a payment in the amount of $1,500 was made after the bankruptcy discharge. Code Ann. § 3-903 provides that "[n]o promise made after discharge in bankruptcy to pay a debt provable in bankruptcy, and from the liability of which the debtor shall have been discharged, shall be valid or binding upon such debtor or promisor unless the same shall have been made in writing, signed by the party making the same, or to be charged therewith, or by someone by him duly authorized." If a creditor is to successfully invoke a reassumption agreement in order to enforce obligations of a bankrupt on a debt discharged in bankruptcy, the agreement to reassume "must be clear, express, distinct, unequivocal, and without qualification or condition . . ." *Oglesby v. Trust Co. of Ga.,* 47 Ga. App. 749, supra, (2). Here the mere post-bankruptcy payment in the amount of $1,500 does not constitute an agreement to reassume which is "clear, express, distinct, unequivocal, and without qualification or condition." Compare *Middlebrooks v. Cabaniss,* 193 Ga. 764, 768 (20 SE2d 10) (1942); *Waters v. Lanier,* 116 Ga. App. 471 (157 SE2d 796) (1967).

Appellee further asserts that a letter, the authenticity of which was established by appellant's failure to respond to the requests for admissions,

"conclusively establishes" the reassumption of the debt. This letter, dated subsequent to the discharge in bankruptcy, was transmitted by appellee to appellant and signed by appellant as "correctly [setting] out our agreement." However, the body of this communication merely refers to "the $14,000.00 owing on promissory note." The letter does not identify the promissory note, refer to appellant's bankruptcy or in any way indicate an intention to reassume the discharged debt. The mere acknowledgment in writing that a certain sum is "owing" on an unidentified promissory note does not constitute "an absolute and unequivocal promise to pay the debt, so as to revive it as a superior claim to the discharge in bankruptcy." *Moore v. Trounstine,* 126 Ga. 116, 118 (54 SE 810) (1906). Furthermore, as previously discussed, the acquiescence that a discharged debt is "owing" is insufficient to overcome the effect of a discharge in bankruptcy when the discharge has been set forth in an affirmative defense to an action on the debt. *Fairmont Creamery Co. v. Collier,* 21 Ga. App. 87, supra.

When the entire record is examined and the evidence is construed, as it must be on summary judgment, against appellee, it appears that he has failed to meet his burden by piercing appellant's affirmative defense to Count 1. The grant of summary judgment on the promissory note was, therefore, erroneous. *Smith v. First American Bank &c. Co.,* 139 Ga. App. 292, supra.

As to Count 2 of appellee's complaint, seeking recovery of $4,250.39 on an open account, appellant's answer made a general denial. However, by virtue of her failure to timely respond to the request for admissions, appellant "conclusively established" that "there is owing to [appellee], from [appellant] an open account balance in the amount of $4,250.39." This admission was sufficient to pierce appellant's general denial and the burden then shifted to her to set "forth specific facts showing that there is a genuine issue for trial." Code Ann. § 81A-156 (3). This she did not do. "There being no denials of the requests for admissions before the court, matters contained in the request must be treated as admissions which in turn, leaves no questions of fact remaining in the instant case [as to Count 2]. Therefore, no issue remained for trial, and

the trial judge properly granted [appellee's] motion for summary judgment [on the open account]." *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736, 739, supra.

For the reasons discussed above, the grant of summary judgment on the promissory note was erroneous and the grant of summary judgment on the open account was proper. Accordingly, the judgment is affirmed.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED JANUARY 30, 1980 —

Daisy F. Peppers, *pro se.*
Robert B. Hocutt, Floyd E. Siefferman, Jr., for appellee.